## EL PUEBLO v. ADORNO.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 356.—Resuelto en noviembre 29, 1911.

DERECHO PENAL—MISDEMEANORS JUZGADOS ANTE LAS CORTES MUNICIPALES—JUICIO DE NOVO ANTE LAS CORTES DE DISTRITO.—El ser juzgado originariamente en la corte de distrito un acusado de *misdemeanor*, en lugar de serlo en una corte municipal, para que después en apelación se celebre el juicio *de novo* ante la corte de distrito, no priva al acusado de ningún derecho, pues lo esencial es que todo acusado tenga un juicio imparcial con notificación previa de la acusación y audiencia pública.

ID.—LÍMITES DE LA PENA EN MISDEMEANOR.—No hay precepto legal que autorice la imposición a un acusado condenado por *misdemeanor* a la pena de prisión con trabajos forzados, pudiéndosele condenar a prisión y a trabajar en las obras públicas, de acuerdo con los estatutos vigentes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Jesús Tizol.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

José Adorno interpuso recurso de apelación para ante este tribunal, contra sentencia de la Corte de Distrito de Arecibo declarándole culpable del delito de libelo y condenándole a la pena de un año de cárcel con trabajos forzados. El apelante compareció ante esta corte, pero no presentó alegato escrito y la única cuestión planteada en el acto de la vista oral, se refería a si la Corte de Distrito de Arecibo tenía jurisdicción original para conocer de casos de *misdemeanors*, siendo como es el libelo un *misdemeanor*. Se sostiene que la ley de marzo 10, de 1904, reorganizando la judicatura en Puerto

Rico, etc., confirió a los jueces municipales jurisdicción exclu-
siva para conocer de todos los casos criminales que no fueran
*felonies*.   El texto de la ley dice:

"El juez municipal tendrá jurisdicción para conocer de
todas las causas criminales, excepto las denominadas *felony*
y en todos los casos de *felony* el juez municipal podrá actuar
de juez instructor."

Estas son las palabras textuales de la ley, y nosotros cree-
mos que no son susceptibles de la interpretación que el ape-
lante quiere darles.

El artículo 33 de la Ley Foraker confirió facultades a la
Legislatura de Puerto Rico para legislar en todo lo referente
a la jurisdicción de los tribunales; en virtud de ello, en la
sesión legislativa de 1902 la Legislatura aprobó un cuerpo de
leyes denominado Código Penal y Código de Enjuiciamiento
Criminal.   Un examen del Código Penal nos demostrará que
un gran número de delitos, casi la mayor parte tienen la clasi-
ficación de *misdemeanors*, y hasta el año de 1904 era indudable
que la corte de distrito tenía jurisdicción para conocer de tales
*misdemeanors*.   Existen algunos delitos tales como hurto y
falsa representación, que en algunos casos constituyen *fel-
onies* y en otros *misdemeanors* según la cantidad hurtada o
apropiada.   Si se incoara un proceso en la corte de distrito
bajo la teoría de que es *felony* y se demostrara después que
la cantidad hurtada correspondía a la jurisdicción de la corte
municipal, podría el acusado, de acuerdo con la teoría que
sostiene el apelante en este caso, alegar que la corte munici-
pal tenía jurisdicción exclusiva para conocer del caso, y que la
corte de distrito carecía de ella.   En un gran número de deli-
tos como los de conspiración, infracciones de las Leyes Elec-
torales y de Rentas, pueden necesitarse testigos de muchos
puntos del distrito judicial o de la Isla y tendríamos mani-
fiesta la inconveniencia de celebrar el juicio en la corte muni-
cipal.

El artículo 8 del Código de Enjuiciamiento Criminal, dice:
"La jurisdicción correspondiente a los delitos, radica en

la corte de distrito del respectivo distrito judicial, dentro del cual se cometieren.''

Este artículo claramente radica la jurisdicción para conocer de los delitos en las cortes de distrito; y el mismo Código de Enjuiciamiento Criminal en varios artículos se refiere indistintamente a acusaciones de *felonies* y de *misdemeanors*.

El artículo 72 trata de la redacción de las acusaciones y da a entender al Fiscal la conveniencia de designar si el delito es *felony* o *misdemeanor*.

El artículo 77 prescribe que la acusación habrá de comprender sólo un delito, pero el mismo delito puede ser expuesto en diferentes formas y bajo distintos cargos. Este artículo quedaría anulado, si dependiera de la prueba aducida al juicio, el que un delito fuera *felony* o *misdemeanor,* como podría suceder en los casos de hurto, falsa representación, y otros semejantes.

De estas observaciones en el Código Penal y en el Código de Enjuiciamiento Criminal se desprende claramente que si la Legislatura hubiera determinado conferir jurisdicción exclusiva a las cortes municipales, hubiera empleado una expresión más específica. Las cortes de distrito son cortes de registro, donde los delitos graves pueden más propiamente ser fallados. Es cierto que las cortes municipales tienen jurisdicción original en casos de *misdemeanor,* pero tal jurisdicción está siempre sujeta a la inspección y dirección del Ministerio Fiscal. Se nos ha indicado que algunos acusados, de acuerdo con la legislación actual, podrán ser juzgados dos veces y otros nó, y que si algunos acusados tienen derecho a que se les juzgue dos veces todos deben tener el mismo derecho. Sin embargo, por regla general, los tribunales municipales son para juzgar causas de infracciones leves. Cuando la causa se apela a la corte de distrito, se celebra un nuevo juicio. El recurso de apelación se da únicamente cuando expresamente lo dispone la ley. (*In re* Houghton appeal, 42 Cal., 35.) El haber conferido jurisdicción a las cortes municipales no se hizo para favorecer al acusado dándole medios para obtener su absolución, sino que se hizo para facilitar la resolución de las nume-

rosas causas de pequeña importancia que continuamente se presentan. Muchos acusados, ya por consejo de su abogado, ya por sí mismos, quedan satisfechos con la condena impuesta; pero la ley siempre proporciona los medios por los cuales el acusado que se crea que no ha sido debidamente juzgado en la corte municipal pueda apelar su causa a la Corte de Jurisdicción General. Sin embargo, cuando el Fiscal incoa un proceso en la corte de distrito en vez de hacerlo en una corte municipal, no por eso priva al acusado de ningún derecho, pues lo único que exige la ley es un juicio imparcial que comprenda notificación y audiencia al acusado. La notificación que al acusado dirige la corte de distrito, necesariamente ha de ser más amplia y completa que la que emana de una denuncia en la corte municipal. La presentación de la prueba se hará con sujeción a preceptos más estrictos. Es importantísimo tener en cuenta que lo único que exige la ley es un juicio justo e imparcial, y ningún acusado puede tener motivos de queja si se le juzga justa e imparcialmente en la corte de distrito, aun cuando otro acusado fuera juzgado en la corte municipal y de distrito. Si un acusado es inocente no puede esperar mejor ocasión para vindicarse de una denuncia falsa, que la celebración de su juicio en la corte de distrito. Por otra parte, si el acusado es culpable, el estado y la sociedad están interesadas en que se le condene y se le castigue. Los tribunales existen para la protección del inocente y el castigo de los culpables.

Muchas de estas consideraciones se refieren a un supuesto derecho. La ley lo único que exige es el debido procedimiento legal. Indudablemente, el juicio en la corte de distrito es un debido procedimiento legal. Sin embargo, la cuestión principal es que tal como está redactado el Código Penal, y quedando en pie el artículo 8 del Código de Enjuiciamiento Criminal, es imposible pensar en que la Legislatura tuvo la intención de quitar a las cortes de distrito la jurisdicción original

en casos de misdemeanor, cuando no tenemos un precepto claro en la ley que así lo disponga.

La sentencia dictada en este caso condena al acusado a un año de cárcel con trabajos forzados. No hemos podido encontrar precepto legal que autorice que a un acusado culpable de un *misdemeanor* se le castigue con prisión y con trabajos forzados. La sentencia debe ser modificada en el sentido de condenar al acusado a la pena de un año de cárcel y a trabajar en las obras públicas, de acuerdo con los estatutos vigentes, y la sentencia en tal sentido modificada debe ser confirmada.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, del Toro y Aldrey.