In the Matter of the Application of CARL F. McKINNEY, Petitioner, for a Prohibition Order against EDWARD L. HAMILTON, a Justice of the Peace of the Town of Brunswick, Rensselaer County, New York, and as a Magistrate in a Court of Special Sessions in and for the Town of Brunswick, Rensselaer County, New York, and Others, Defendants.

Supreme Court, Rensselaer County, March 4, 1939.

*John F. Murray* and *William H. Murray* [*William H. Murray* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Isaac Frank* and *Joseph Fitzgerald* of counsel], for the defendants.

SCHENCK, J. This is a motion for an alternative prohibition order restraining the respondent Edward L. Hamilton, as justice of the peace and as a sitting magistrate of a Court of Special Sessions of the town of Brunswick, Rensselaer county, N. Y., from proceeding with a trial in which the petitioner is charged with violating section 1272 of the Penal Law. The purpose of the motion so far as the other defendants are concerned is to restrain them from further prosecuting the charges which they bring against the petitioner in Justice's Court.

The petitioner's chief theory, upon which his argument is based, is that the violation of law of which the petitioner is accused is a felony, whereas the court at which the defendant Hamilton sits

has jurisdiction only of misdemeanors. The violation in question allegedly arose from the failure of the petitioner to pay certain employees their wages in cash as prescribed by law. Section 1272 of the Penal Law provides for a fine of " not less than one hundred nor more than ten thousand dollars " for each of the offenses allegedly committed by the petitioner in not paying the prescribed wages to the various employees involved herein.

Section 1272 of the Penal Law specifically refers to violations such as those involved here as " misdemeanors." Upon this point, therefore, the defendants rest their position to the effect that a justice of the peace, sitting as a Court of Special Sessions, has jurisdiction to try the case against this petitioner. The petitioner, on the other hand, argues that because of the extent of the punishment, the offense actually is a felony and, accordingly, the Special Sessions has no jurisdiction, regardless of the fact that the Legislature has chosen to call the offense a misdemeanor.

In connection with this latter point, the petitioner points out that, under section 1272, a corporation can be fined as much as $10,000. However, the petitioner then argues, a corporation can be fined only $5,000 if convicted of a felony. (Penal Law, § 1932.) Accordingly, it is claimed that the offenses with which the petitioner is charged herein are of a more serious nature than a mere misdemeanor, being punishable in a more drastic manner even than a felony, and, therefore, those offenses are beyond the jurisdiction of the defendant Hamilton's court.

There is ample authority for the contention of the petitioner that if an offense is punishable in the manner of a felony, the Legislature cannot confer jurisdiction thereof upon the Court of Special Sessions merely by calling it a misdemeanor. This point is specifically sustained in *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190). It is obvious that the Legislature could not designate a certain form of grand larceny as a " misdemeanor " and then, while making the punishment as severe as for grand larceny, confer jurisdiction to try such an offense upon the Justice's Court. Accordingly, it must be held that if the violation involved herein is actually of such a nature as to amount to a felony as far as its punishment is concerned, it is immaterial that the Legislature termed it a " misdemeanor."

With this as a basis, attention can be turned to the question of the nature of the crime and the extent of the punishment now before the court. In these respects also, the position of the petitioner must be sustained. The crime as set forth in section 1272 of the Penal Law is punishable by a fine that may be double the maximum fine that can be imposed upon a corporation for the commission

of any felony under section 1932 of the Penal Law. Furthermore, upon failure to pay the possible maximum fine, a person convicted of violating section 1272 could be incarcerated for some twenty-five years, upon the basis of one day in jail for each dollar defaulted. It could not have been the intent of the Legislature to confer such extensive criminal power upon the court of a justice of the peace, regardless of whether or not he is sitting as a Court of Special Sessions.

It follows that the motion for an order of alternative prohibition must be granted. This determination is entirely consistent with the basic historical nature of courts of limited jurisdiction. The justice of the peace courts have been, from their earliest English origin, courts to hear and determine petty offenses. To enlarge their powers now, merely to expedite enforcement of the Labor Law, would be ridiculous. Offenses punishable by measures as severe as provided for in section 1272 of the Penal Law must be tried before the proper constitutional tribunals only.

The motion of the petitioner is granted.