El Pueblo de Puerto Rico, demandante y apelado, *v.* Israel Méndez Deynes, acusado y apelante.

Núm. 11214.—*Sometido:* Febrero 5, 1946. *Resuelto:* Febrero 14, 1946.

*José Veray Jr.,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El artículo 177 del Código Penal, edición de 1937, dispone que "Toda persona que directa o indirectamente, diere u ofreciere dinero . . . a algún elector para inclinar su voto, o inducirle a votar o abstenerse de hacerlo en cualesquiera elecciones de funcionarios públicos que . . . se celebren en Puerto Rico . . . . será reo de 'misdemeanor', y convicto que fuere, sufrirá pena de multa en una suma que no bajará de veinticinco ni excederá de cien dólares, y cárcel por un término de diez días a seis meses, quedando además privada del derecho de sufragio e incapacitada para ejercer cargo de confianza o retribuído, por un período determinado que no

bajará de diez años, o presidio por un término mínimo de un año y máximo de cinco años, con privación de derecho de sufragio e incapacidad para ejercer cargos públicos retribuídos o de confianza, por el antedicho período.''

Se imputó al acusado ante la corte municipal de San Sebastián una infracción del artículo 177. Al declarársele culpable apeló para la corte de distrito de Aguadilla, donde se le celebró un juicio *de novo,* siendo convicto y sentenciado a pagar una multa de veinticinco dólares y a cumplir diez días de cárcel. La sentencia también dispuso que quedaría privado del derecho de sufragio e incapacitado para ejercer cargo de confianza o retribuído alguno por un período que no bajará de diez años.

En apelación ante este Tribunal, el acusado alega que la corte municipal carecía de jurisdicción para juzgarlo por una supuesta infracción al artículo 177, y que en su consecuencia la corte de distrito tampoco tenía jurisdicción sobre la apelación establecida en dicho caso.

■■ La sección 4 de la Ley del 10 de marzo de 1904 dispone que los jueces municipales '' . . . tendrán jurisdicción para conocer de todas las causas criminales, excepto las denominadas *felony* . . . ''. El acusado alega que el delito aquí envuelto era un *felony* y por tanto, no podía juzgársele en la corte municipal, toda vez que es un delito que a discreción de la corte es punible bajo el artículo 177 con pena de presidio. Artículo 14, Código Penal.(¹)

Alega el Fiscal que de acuerdo con el artículo 14 un delito perseguido bajo el artículo 177 puede ser bien un *felony* o un *misdemeanor,* y que la designación correcta del mismo no puede determinarse hasta que se haya dictado la senten-

---

(¹) El artículo 14 lee como sigue:

'' 'Felony' es un crimen castigado con la pena de muerte o de presidio. 'Misdemeanor' comprende todos los demás delitos. Cuando un delito castigable con pena de presidio, apareja también la de multa o cárcel, a discreción del tribunal, se considerará 'misdemeanor', para todos los efectos, después de dictada sentencia imponiendo una pena que no fuere de presidio.''.

cia: si se impone presidio, el caso se caracteriza como *felony;* de otro modo, es un *misdemeanor.* Añade que cuando un caso por infracción al artículo 177 se radica en la corte municipal, la denominación de *misdemeanor* lo acompaña irremediablemente toda vez que, según dice el Fiscal, la corte municipal no puede sentenciar a un acusado a la pena de presidio.

Para convenir con esta teoría del Fiscal, tendríamos que resolver que fué la intención de la Legislatura que la *jurisdicción* de una corte dependiera retroactivamente de la situación *después de dictada sentencia.* Es innecesario que consideremos esta cuestión toda vez que existe una contestación sencilla para este caso.

El artículo 177 califica el delito aquí envuelto como *misdemeanor.* En su consecuencia, la distinción general comprendida en el artículo 14 entre un *felony* y un *misdemeanor* no es de aplicación aquí. La Legislatura eligió disponer en este caso especial, y tenía todo derecho para así hacerlo, que no obstante el hecho de que podía imponerse la pena de presidio, la infracción del artículo 177 era un *misdemeanor.* Y toda vez que la corte municipal tiene jurisdicción en todos los casos criminales, excepto los *felonies,* a no ser que alguna ley especial disponga otra cosa, este caso específico fué correctamente visto en primera instancia ante la corte municipal. *Cf. Pueblo* v. *Adorno,* 17 D.P.R. 1102; *Carroll* v. *United States,* 267 U. S. 132, 158; *Dutton* v. *State,* 91 A. 417 (Md. 1914).(²)

■ El acusado también alega que la córte de distrito erró al pesar la evidencia, la cual arguye fué insuficiente

---

(²) *People* v. *Sacramento Butchers' Protective Ass'n,* 107 Pac. 712, 720 (Calif. 1910); *People* v. *Trimble,* 63 P. 2d 1173 (Calif. 1936); *McKinney* v. *Hamilton,* 10 N.Y.S. 2d 140, 13 N.Y.S. 2d 786, revocado por otros fundamentos, 282 N.Y. 393 (1940); y *People* v. *Bellinger,* 199 N.E. 213 (N.Y. 1935), establecen la doctrina de que bajo las circunstancias en ellos concurrentes la denominación legislativa de *misdemeanor* no predomina; pero esos casos son distinguibles porque envuelven diferentes situaciones estatutarias y constitucionales. Véase también Anotación, 95 A.L.R. 1115, 1121-22.

para sostener la convicción. El testigo querellante declaró sobre la oferta que le hizo el acusado el 4 de noviembre de 1944 de pagarle cinco dólares si se abstenía de votar en las elecciones celebradas el 7 de noviembre. Habiendo creído la corte de distrito esta prueba, no estamos en libertad de intervenir con la sentencia.

*La sentencia de la corte de distrito será confirmada.*