RAFAEL RIVERA, querellante y apelante, *v.* JOSÉ GONZÁLEZ LEBRÓN, ALCAIDE DE LA CÁRCEL DE DISTRITO DE ARECIBO, querellado y apelado.

Núm. 10165.—*Sometido:* Junio 14, 1950. *Resuelto:* Junio 23, 1950.

*Esteban Susoni Lens* y *Santos P. Amadeo,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del apelado.

---

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El aquí apelante presentó solicitud de hábeas corpus en el tribunal inferior alegando estar ilegalmente privado de su libertad por ser nula la sentencia contra él dictada en una causa criminal en que se le imputó una infracción a la sección 8 de la Ley núm. 220, aprobada el 15 de mayo de 1948—Ley de Bolita. La alegada causa de nulidad fué la de habérsele privado de un juicio por jurado, a pesar de haberlo solicitado, no obstante ser las infracciones a dicha sección 8 delitos graves( *felonies*) y tener derecho a tal juicio por jurado de conformidad con el artículo 178 del Código de Enjuiciamiento Criminal. ([1])

Apeló para ante este Tribunal, y en su alegato sostiene que la corte inferior cometió error al declarar sin lugar su solicitud, ya que la interpretación por ella dada a la sección 8 de la referida ley la hace inconstitucional por privar al apelante de su derecho a la igual protección de las leyes.

La corte inferior declaró sin lugar la solicitud de hábeas corpus con vista a la sección 4 de la propia Ley 220, que en su último *Disponiéndose* provee "que todos los juicios que se celebren por infracciones a las disposiciones de esta Ley, serán vistos en las Cortes de Distrito por tribunal de derecho exclusivamente. . ."

La sección 8 de la referida ley dispone lo siguiente:

"Toda persona que se prestare para ayudar en cualquier forma o de otro modo a influir para que se exima a cualquier persona de ser perseguida, arrestada o convicta por cualquier infracción de las disposiciones de esta Ley, o que tenga interés directa o indirectamente en los juegos prohibidos por esta Ley, o que dejare de o se negare a perseguir a cualquier infractor de

---

([1]) Dicho artículo, en su parte pertinente, provee: "Cuestiones de hecho en casos de delito grave (*felony*) y en casos de *misdemeanor* siempre que originariamente se presentare la acusación en la corte de distrito y fueren también de la competencia de las cortes municipales, habrán de ser juzgadas por el jurado, cuando el acusado o acusados o cualquiera de ellos, lo pidiere."

cualquiera de las disposiciones de esta Ley, será reo de felony, y convicta que fuere será sentenciada a extinguir una pena que nunca será menor de un año de presidio ni mayor de diez años de presidio, quedando excluída de los beneficios de la Ley número 259 de 3 de abril de 1946, y quedará inhabilitada de ejercer cargo público alguno; *Disponiéndose, además,* que las disposiciones de esta sección no se interpretarán en el sentido de privar a un acusado de su derecho a estar representado por abogado, tal como este derecho está reconocido por las leyes."

El argumento del apelante es, en esencia, que las disposiciones de la mencionada sección establecen un delito especial de soborno que no es distinto a los demás delitos de soborno prescritos en el Código Penal, y muy especialmente al prescrito en el artículo 304 de dicho cuerpo legal; y que siendo así, tiene derecho a un juicio por jurado en virtud del artículo 178 del Código de Enjuiciamiento Criminal, ya que si se interpretara la aludida sección 8 en el sentido de que las personas bajo ella procesadas no tienen derecho a un juicio por jurado—ni a los beneficios de la sentencia suspendida— se estaría privando a tales personas, como al aquí apelante, de la igual protección de las leyes.

Es innecesario que consideremos la cuestión constitucional que suscita el apelante, pues es errónea, a nuestro juicio, la premisa en que la funda. La sección 8 establece tres modalidades para el delito en ella prescrito, que es un *felony*: (1) la contenida en la disposición de que "Toda persona que se prestare *para ayudar en cualquier forma* o de otro modo a *influir para que se exima* a cualquier persona de ser perseguida, arrestada o convicta por cualquier infracción de las disposiciones de esta Ley" (bastardillas nuestras); (2) la contenida en la cláusula que inmediatamente le sigue, referente a toda persona "que tenga interés directa o indirectamente en los juegos prohibidos por esta Ley", y (3) la que seguidamente se establece para toda persona "que dejare de o se negare a perseguir a cualquier infractor de cualquiera de las disposiciones de esta Ley." La pena prescrita para tal delito *felony*, en cualquiera de las modalidades ya indicadas,

nunca será menor de un año ni mayor de diez años de presidio, quedando la persona así convicta excluída de los beneficios de la Ley núm. 259 de 3 de abril de 1946—Ley sobre Sentencias Probatorias— e inhabilitada para ejercer cargo público alguno.

No podemos convenir con el apelante en que el delito *felony* establecido por la referida sección de la Ley 220 "no es fundamentalmente distinto" a los delitos de soborno prescritos en el Código Penal.[2]    Dentro de la política pública encaminada a extirpar el mal social creado por el auge de los juegos conocidos generalmente como "Bolita", "Boli–pool", combinaciones clandestinas relacionadas con los *pools* o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y en el ejercicio de su poder policíaco, el Estado, luego de declarar estorbos públicos los anteriores juegos y consignar diversas disposiciones encaminadas a lograr el objetivo que inspiró dicha legislación, definió distintos delitos y prescribió la pena correspondiente a cada uno, y además en su sección 4 dispuso que todos los juicios a celebrarse por infracciones a las disposiciones de la misma serían celebrados *por tribunal de derecho exclusivamente.*

Es fácil advertir del contexto de la sección 8 de la Ley 220 que para que se entienda cometido el delito en ella prescrito en cualquiera de sus modalidades, no es necesario, como lo es bajo la primera modalidad del 304 del Código Penal[3] —particularmente invocado por el apelante como similar en sus disposiciones a la indicada sección 8—que el funcionario conservador del orden público u otra persona, *exigiere, admi-*

---

[2] Véanse los artículos 82, 99, 104, 105, 106, 107, 108, 111, 131, 168, 176, 177, 185, 304, 384 y 536 del Código Penal.

[3] Dicho artículo dispone:

"Todo funcionario o conservador del orden público, u otra persona, que *exigiere, admitiere, o cobrare cualquiera cantidad o compensación,* bien en beneficio propio o bien del procomún, *en la inteligencia de que en cambio, habrá de ayudar, eximir o de algún modo librar a cualquiera persona de arresto o convicción* por infringir el artículo 299 de este Código; o que

*tiere o cobrare* cualquier cantidad o compensación, en beneficio propio o del procomún, en la inteligencia de que *en cambio* habrá de ayudar a eximir o de algún otro modo librar a cualquiera persona de arresto o convicción por infringir el artículo 299 del Código Penal. En el prescrito por la sección 8 no se requiere que se exija, admita o cobre cantidad o compensación alguna, pues presentes las circunstancias que cualquiera de sus tres modalidades determinan, ha de considerarse cometido el delito.

En cada uno de los delitos definidos en los artículos del Código Penal a que nos referimos en la nota 2, está, en una u otra forma, presente el elemento esencial del soborno, o sea el de dar u ofrecer, o recibir o solicitar, alguna dádiva o pago de cantidad, compensación, gratificación o recompensa, con la intención corrupta de que influya en la actuación oficial de la persona que lo recibe o solicita. 3 Whaton's *Criminal Law*, sec. 2234, pág. 2522; *People* v. *Coffey*, 161 Cal. 433, 119 P. 901; 4 Cal. Jur., sec. 1, pág. 483; 3 Cal. Jur., Ten Year Supp., sec. 3 pág. 149; 8 Am. Jur. "Bribery", sec. 2, pág. 886. El delito consignado en la sección 8 no tiene estas características. No constituye propiamente dicho un delito de soborno. Y habiendo sido establecido por la Legislatura en el ejercicio de su facultad para ello, así como fijada la pena y los tribunales que han de conocer de dichos procesos, dispuso válidamente también, porque lo creyó ajustado a la política pública y objetivos del estatuto, que los juicios serían por tribunal de derecho y no por jurado. *Pueblo* v. *Campos*, 69 D.P.R. 898; *Pueblo* v. *Buscaglia*, 54 D.P.R. 939; *cf. Pueblo* v. *Méndez*, 65 D.P.R. 702.

---

expidiere, entregare o hiciere expedir o entregar a cualquiera persona o número de personas, alguna licencia, permiso o privilegio, concediéndole o pretendiendo concederle autorización o derecho para explotar, dirigir, abrir o mandar abrir cualquiera clase de juegos prohibidos por el artículo 299 de este Código; y cualquier funcionario o número de funcionarios que votare por que se apruebe alguna ordenanza o reglamento, concediendo o pretendiendo conceder a cualquiera persona o número de personas, autorización o privilegio para abrir, explotar o dirigir cualquiera de los juegos prohibidos por este Código, será reo de '*felony*'." (Bastardillas nuestras.)

En vista de la conclusión a que hemos llegado, es innecesario considerar la cuestión constitucional planteada.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Snyder no intervino.