EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Nomar José Mimbs Machiavelo<br><br>Peticionario | Certiorari<br><br>2017 TSPR 131<br><br>198 DPR \_\_\_\_ |
| --- | --- |

Número del Caso: CC-2017-207

Fecha: 11 de julio de 2017

Tribunal de Apelaciones:
        Región Judicial de Ponce y Aibonito

Abogado de la Parte Peticionaria:

        Lcdo. Joel Caraballo Cintrón

Abogado de la Parte Recurrida:

        Lcda. Marjorie del Carmen Gierbolini Gierbolini

 Oficina del Procurador General:

        Lcdo. Luis Román Negrón
        Procurador General

        Lcdo. Isaías Sánchez Báez
        Subprocurador General

        Lcda. Lisa Mónica Durán Ortiz
        Procurador General Auxiliar

Materia: Derecho Penal: Clasificación del segundo párrafo del Art. 222 del Código Penal como delito grave, para fines de imputar reincidencia.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                         CC-2017-0207        Certiorari

Nomar José Mimbs Machiavelo

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 11 de julio de 2017.

Nos corresponde dilucidar si, para fines de reincidencia, cierta modalidad del delito de Insuficiencia de Fondos tipificada en el segundo párrafo del artículo 222 de nuestro Código Penal, _infra_, constituye un delito menos grave o un delito grave. Ello, ante la disyuntiva de que si bien en la modalidad codificada en el primer párrafo del artículo se clasifica el delito como menos grave, en el segundo párrafo se dispone, que bajo determinadas circunstancias, el delito acarrea una pena de reclusión de tres (3) años, sin especificar la clasificación del delito en esta segunda modalidad. Veamos.

# I

El caso de epígrafe tuvo su génesis cuando el Ministerio Público presentó cuatro (4) denuncias en contra del Sr. Nomar José Mimbs Machiavelo (señor Mimbs o peticionario) por infracciones al artículo 222 de nuestro Código Penal, 33 LPRA sec. 5292. Se le imputó al peticionario haber emitido cuatro cheques con fondos insuficientes por las cantidades de $96, $296, $3,000 y $5,774. Luego de varios trámites procesales,[1] y de que

---

[1] Nótese que luego de que se presentaran las cuatro denuncias, y después de que se encontrara causa para arresto en todas éstas, el 7 de enero de 2016 el Ministerio Público presentó dos acusaciones en contra del Sr. Nomar José Mimbs Machiavelo (señor Mimbs o peticionario) por violaciones al artículo 222 del Código Penal y, en específico, por emitir los cheques con fondos insuficientes por las cantidades de $96 y $3,000. Cód. Pen. PR art. 222, 33 LPRA sec. 5292. Después de que se celebrara el acto de lectura de acusación, el peticionario solicitó la desestimación de la denuncia presentada en su contra correspondiente al cheque de $5,774, al amparo de la Regla 64(n)(2) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n)(2), por no haberse presentado la acusación correspondiente dentro del término dispuesto para ello, en violación a su derecho a un juicio rápido. El Ministerio Público se opuso mediante escrito y solicitó enmendar la acusación donde se imputaba emitir un cheque con fondos insuficientes por $96, para conformarla a la denuncia que imputaba emitir el cheque por $5,774. Luego de que se celebrara una vista ante el Tribunal de Primera Instancia, éste emitió una Resolución denegando la desestimación solicitada y concediéndole un término al Ministerio Público para que sometiera la enmienda a la acusación.

Ante esta determinación, el peticionario presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, así como una solicitud en auxilio de jurisdicción. En esencia, señaló que incidió el Tribunal de Primera Instancia al permitir que se enmendara el pliego acusatorio y al declarar no ha lugar su solicitud de desestimación. Mediante *Sentencia* emitida el 29 de junio de 2016, el Tribunal de Apelaciones expidió el auto solicitado y dejó sin efecto el dictamen recurrido.

se celebrara la vista preliminar, el 21 de noviembre de 2016 se presentaron dos acusaciones en contra del señor Mimbs por expedir cheques con fondos insuficientes por las cantidades de $3,000 y $5,774, en violación al artículo 222 del Código Penal. Íd. En ambas acusaciones se le imputó reincidencia.

El 30 de noviembre de 2016, el peticionario presentó un escrito intitulado *Moción al amparo de la Regla 64(i) de las de Procedimiento Criminal, solicitud de desestimación por violación al principio de legalidad y debido proceso de ley y violación a las normas que rigen la aplicación de la reincidencia*. En la citada moción, el peticionario solicitó la desestimación de los cargos presentados en su contra. En síntesis, adujo que los delitos que se le imputaban eran delitos menos graves y que, por lo tanto, no procedía la imputación de reincidencia bajo el artículo 73 del Código Penal, 33 LPRA sec. 5106. El peticionario planteó que, al imputársele reincidencia, se violaban sus derechos constitucionales y, particularmente, su derecho a un debido proceso de ley. Después de que el Ministerio

_____

Véase <u>El Pueblo de Puerto Rico v. Nomar José Mimbs Machiavelo</u>, KLCE201601124. El foro apelativo intermedio encontró que, dado que de las cuatro denuncias presentadas en contra del acusado dos correspondían a delitos graves, se tenía que celebrar una vista preliminar de acuerdo a la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23. En consecuencia, devolvió el caso al Tribunal de Primera Instancia para que se celebrara la correspondiente vista preliminar, sin entrar a dilucidar los errores señalados por el peticionario.

Público se opusiera a esta solicitud, el Tribunal de Primera Instancia emitió una Resolución en la cual declaró no ha lugar la solicitud del peticionario.

Ante este dictamen, el señor Mimbs presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, junto con una solicitud en auxilio de jurisdicción. El peticionario alegó que el Tribunal de Primera Instancia incurrió en abuso de discreción al permitir la imputación de reincidencia y al declarar no ha lugar su solicitud de desestimación. Así las cosas, el 15 de febrero de 2017, el foro apelativo intermedio expidió el auto y confirmó el dictamen recurrido.[2] Fundamentó su determinación en que, si bien en el artículo 222 del Código Penal se tipifica como delito menos grave el emitir un cheque con fondos insuficientes con el propósito de defraudar, si el cheque excede la cantidad de $500 el artículo establece que procede imponer una "pena de reclusión por un término fijo de tres (3) años". Cód. Pen. PR art. 222, supra. Al acudir al artículo 16 del Código Penal, el cual clasifica los delitos en menos graves y graves de acuerdo a las penas que acarrean, el Tribunal de Apelaciones concluyó que el delito tipificado en el segundo párrafo del artículo 222 es un delito grave, pues apareja una pena correspondiente a delitos graves. Cód. Pen. PR arts. 16

---

[2] Véase El Pueblo de Puerto Rico v. Nomar José Mimbs Machiavelo, KLCE201700222.

y 222, 33 LPRA secs. 5022 y 5292. De esta forma, por el peticionario haber sido sentenciado previamente por cometer un delito grave, procedía la imputación de reincidencia.

En disconformidad con ese proceder, el peticionario presentó ante este Tribunal un recurso de *certiorari*. En éste, señala los siguientes errores, a saber: (1) que erró el Tribunal de Apelaciones al determinar que el segundo párrafo del artículo 222 del Código Penal tipifica un delito grave, por conllevar una pena correspondiente a un delito grave, permitiendo así la imputación de reincidencia, y (2) que incidió el referido tribunal al confirmar la determinación del foro de instancia, mediante la cual se declaró no ha lugar la petición de desestimación presentada por el peticionario. Posteriormente, el 27 de marzo de 2017, el señor Mimbs presentó una *Moción en auxilio de jurisdicción*, en la cual solicitó la paralización de los procedimientos ante el Tribunal de Primera Instancia.[3]

Así las cosas, el 3 de abril de 2017, emitimos una Resolución en la cual declaramos ha lugar la referida moción en auxilio de jurisdicción. Asimismo, le concedimos un término de veinte (20) días al Ministerio Público para que mostrara causa por la cual no debíamos expedir el auto presentado por el peticionario y revocar

---

[3]El peticionario indicó que el juicio en su fondo estaba pautado para el 5 y 6 de abril de 2017.

la Sentencia recurrida. El Ministerio Público compareció mediante *Escrito en cumplimiento de orden y en oposición a petición de certiorari*. En este escrito plantea, primeramente, que la controversia fue resuelta por el Tribunal de Apelaciones en la sentencia emitida el 29 de junio de 2016, en la cual se concluyó que era necesario celebrar una vista preliminar porque dos de los cargos imputados eran delitos graves. Véase El Pueblo de Puerto Rico v. Nomar José Mimbs Machiavelo, KLCE201601124. De esta forma, expone que el peticionario está intentando relitigar un asunto que ya fue resuelto, es decir, es ley del caso. Por otro lado, en el escrito se esboza que el artículo 16 de nuestro Código Penal, al clasificar los delitos de acuerdo a las penas que acarrean, dispone de la controversia ante nos, pues como el segundo párrafo del artículo 222 establece una pena correspondiente a un delito grave, resulta claro que estamos ante un delito grave. Cód. Pen. PR arts. 16 y 222, supra.

Contando con la comparecencia de ambas partes, estamos en posición de resolver. Veamos.

**II**

**A.**

"Es axioma elemental, concorde al principio de legalidad, que la Asamblea Legislativa tiene la facultad constitucional exclusiva de tipificar delitos". Pueblo v. Martínez Torres, 116 DPR 793, 796 (1986). Véanse,

además, Cód. Pen. PR art. 2, 33 LPRA sec. 5002; Rodríguez Rodríguez v. E.L.A., 130 DPR 562, 569 (1992). "Esa prerrogativa legislativa comprende también la de calificarlos en graves o menos graves". Pueblo v. Martínez Torres, supra, pág. 796. Véanse, además, Pérez Vega v. Tribunal Superior, 93 DPR 749, 759 (1966); Pueblo v. Méndez, 65 DPR 702, 704 (1946).

En nuestro Código Penal se dispone que "[e]s delito menos grave todo aquél que apareja pena de reclusión por un término que no exceda de seis (6) meses, [o] pena de multa que no exceda de cinco mil (5,000) dólares . . .". Cód. Pen. PR art. 16, supra. Por otro lado, "[d]elito grave comprende todos los demás delitos". Íd. Mediante este artículo, la Asamblea Legislativa dispuso una manera fácil para clasificar los delitos de acuerdo a la pena que acarrean. Como regla general, en nuestro Código Penal los delitos menos graves son tipificados expresamente como tal.[4] Mientras, los delitos graves son especificados por la pena.[5]

**B.**

En el artículo 222 del Código Penal se tipifica el delito conocido como Insuficiencia de fondos. Cód. Pen. PR art. 222, supra. Este delito castiga el que una persona, con intención de defraudar, "haga, extienda,

---

[4] Véanse, por ejemplo, Cód. Pen. PR arts. 108, 112, 114, 33 LPRA secs. 5161, 5171, 5173.

[5] Véanse, por ejemplo, Cód. Pen. PR arts. 94, 97, 100, 33 LPRA secs. 5143, 5146, 5149.

endose o entregue un cheque . . ., a cargo de cualquier banco u otro depositario, a sabiendas de que el emisor o girador no tiene suficiente provisión de fondos en dicho banco o depositario para el pago total del cheque . . . a la presentación del mismo . . .". Íd. El delito de Insuficiencia de fondos, según expuesto expresamente en el primer párrafo del artículo, es clasificado como uno menos grave. Ahora bien, en el segundo párrafo del citado artículo se dispone que "[s]i la cantidad representada por el instrumento negociable es mayor de quinientos (500) dólares, [se impondrá una] . . . pena de reclusión por un término fijo de tres (3) años". Íd. En tal sentido, el artículo no especifica si esta segunda modalidad constituye un delito menos grave o grave.

### C.

De otra parte, en el artículo 73 del Código Penal se dispone lo relativo a los grados y penas de reincidencia. Cód. Pen. PR art. 73, supra. En lo concerniente al caso de referencia, el citado artículo dispone que existirá "reincidencia cuando el que ha sido convicto y sentenciado por un delito grave incurre nuevamente en otro delito grave". Íd. De existir la reincidencia imputada, "se podrá aumentar hasta veinticinco (25) por ciento la pena fija dispuesta por ley para el delito cometido". Íd. Para determinar si existe reincidencia, el artículo 74 establece que "[s]e

tomará en consideración cualquier convicción bajo el Código Penal derogado o bajo ley especial que lleve clasificación de delito grave". Cód. Pen. PR art. 74, 33 LPRA sec. 5107.

### III

Ante el cuadro fáctico descrito, y habiendo expuesto la normativa jurídica aplicable, concluimos que el Tribunal de Apelaciones actuó correctamente al determinar que el segundo párrafo del artículo 222 de nuestro Código Penal tipifica un delito grave. Íd., sec. 5292. Si bien la modalidad del delito contenida en el segundo párrafo no se clasifica de manera específica, conlleva una pena correspondiente a un delito grave, a diferencia del primer párrafo donde se establece que la conducta constituye delito menos grave. De una lectura del artículo 16 del Código Penal, queda claro que esta modalidad del delito de Insuficiencia de fondos es un delito grave. Íd., secs. 5022 y 5292. Cabe señalar, sin embargo, que si bien es cierto que hemos reconocido que la Asamblea Legislativa está facultada para clasificar un delito como menos grave, aun cuando acarree una pena correspondiente a un delito grave, ello no ocurrió en este caso. Véanse, por ejemplo, Pueblo v. Martínez Torres, supra, pág. 796; Pueblo v. Méndez, supra, pág. 704 (donde el delito se clasificaba como un "misdemeanor", pero podía aparejar pena correspondiente a un "felony"). Ante ese cuadro, la interpretación más

armoniosa de nuestro Código Penal requiere reconocer que el segundo párrafo del artículo 222, _supra_, es un delito grave. Esa interpretación es la más cónsona con el criterio legislativo de clasificación de delitos. Véanse Pueblo v. Figueroa Santana, 154 DPR 717, 725 (2001); Pueblo v. Zayas Rodríguez, 147 DPR 530, 537-538, 548-549 (1999); Meléndez v. Tribunal Superior, 90 DPR 656, 660-662 (1964).

## IV

Al amparo de los fundamentos enunciados, expedimos el recurso de _certiorari_ presentado, precisamos que el delito tipificado en el segundo párrafo del artículo 222 del Código Penal, _supra_, es un delito grave y, en consecuencia, confirmamos la Sentencia emitida por el Tribunal de Apelaciones. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de acuerdo a lo aquí expuesto.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                 CC-2017-0207     Certiorari

Nomar José Mimbs Machiavelo

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 11 de julio de 2017.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, expedimos el recurso de *certiorari* presentado, precisamos que el delito tipificado en el segundo párrafo del artículo 222 del Código Penal, <u>supra</u>, es un delito grave y, en consecuencia, confirmamos la Sentencia emitida por el Tribunal de Apelaciones. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de acuerdo a lo aquí expuesto.

      Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre sin opinión escrita.

                       Juan Ernesto Dávila Rivera
                     Secretario del Tribunal Supremo