EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Germán Zambrana Trinidad<br><br>Peticionario | Certiorari<br><br>2018 TSPR 47<br><br>199 ____ |

Número del Caso: CC-2018-314


Fecha: 26 de marzo de 2018


Tribunal de Apelaciones:

      Región Judicial de Bayamón y Carolina


Abogado de la parte peticionaria:

      Lcdo. Hiram Betances Fradera


Oficina del Procurador General:

      Lcdo. Luis Román Negrón
      Procurador General


Materia. Resolución del Tribunal con Voto particular disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.               CC-2018-314      *Certiorari*

Germán Zambrana Trinidad

    Peticionario

RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de marzo de 2018.

Atendidas la petición de *Certiorari* y la *Moción en Auxilio de Jurisdicción* presentadas por la parte peticionaria, se provee No Ha Lugar a ambas.

**Notifíquese inmediatamente por teléfono o correo electrónico, y posteriormente por la vía ordinaria.**

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

    v.                            CC-2018-314     Certiorari

Germán Zambrana Trinidad

    Peticionario


Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez


San Juan, Puerto Rico, a 26 de marzo de 2018.

Hoy la Mayoría de este Tribunal se niega a reconocer la insuficiencia de una denuncia, ante la ausencia del requisito de la interpelación como elemento del delito de insuficiencia de fondos. Ello, a pesar de que surge expresamente de nuestro Código Penal tal elemento del delito y, así, ha sido interpretado por nuestra jurisprudencia. Por estar ante una interpretación errónea de derecho, **DISIENTO.**

De entrada, adelanto que el requisito de la interpelación, según tipificado en el Art. 225 del Código Penal, 33 LPRA 5295, debe considerarse un

elemento del delito de insuficiencia de fondos.33 LPRA sec. 5292. Ello, dado que precisa que ninguna persona incurrirá en el delito de insuficiencia de fondos, "a menos que se pruebe que el tenedor del cheque, giro, letra u orden, o su agente, ha avisado personalmente o mediante carta certificada con acuse de recibo al girador o al endosante" para que pague el importe del cheque, giro, letra u orden. 33 LPRA sec. 5295. Por tanto, la interpelación es un elemento que se tiene que probar para la configuración del delito de insuficiencia de fondos. Es decir, la obligación del Ministerio Público no puede reducirse a una mera defensa. De ese modo, la interpelación es un requisito indispensable que debe establecerse en unión a los restantes elementos. *Pueblo v. Somarriba García*, 131 DPR 462, 468 (1992). Ello, habida cuenta de que "estamos ante un delito que requiere para ser consumado, *de una parte*, la acción de extender, hacer, endosar o entregar el cheque del cual se sabe que no se tiene provisión de fondos y, *de otra parte*, la omisión de no pagar el importe del cheque una vez se interpela al librador". *Pueblo v. McCloskey*, 164 DPR 90, 96 (2005).

Ciertamente, los elementos esenciales del delito de expedición de cheques sin fondos son: (1) hacer, extender, endosar o entregar un cheque, giro, letra u orden de pago de dinero, a cargo de cualquier banco u

otro depositario, (2) con conocimiento de que no se tienen suficientes fondos para el pago ni se disfruta de autorización expresa para girar en descubierto, y (3) tener el propósito de defraudar. Íd., pág. 95. *Véase*, *Pueblo v. Mimbs Machiavelo*, res. el 11 de julio de 2017, 2017 TSPR 131. Ahora bien, la Profesora Dora Nevares nos ilustra que el delito de la expedición de cheques sin fondos debe interpretarse a la luz de las disposiciones complementarias, incluida la interpelación, dado que en los elementos del delito se encuentra el propósito de defraudar lo que se prueba al no pagar luego de la interpelación. D. Nevares Muñiz, *Código Penal de Puerto Rico, Comentado por Dora Nevares-Muñiz*, 3era ed., San Juan, Ed. Instituto para el Desarrollo del Derecho, Inc., 2015, pág. 339. A ello, añade que "[s]e trata de un delito que no se consuma hasta que se vence el término de la interpelación". Íd., pág. 340.

Por otro lado, este Tribunal ha establecido que el propósito de la interpelación es proveer un procedimiento para comprobar la intención o el propósito que tuvo en su mente el librador de un cheque sin fondos en el momento de expedirlo y entregarlo a otra persona. *Pueblo v. Somarriba García*, supra, pág. 469. A base de ello, se ha interpretado, erróneamente, que la interpelación es un asunto de prueba. Empero, no se trata sólo de un requisito para probar la intención,

sino que es necesario para configurar el delito. De esa manera, la interpelación es una condición precedente y jurisdiccional. Íd.

Sabido es que la acusación o denuncia es crucial para el acusado pues, por virtud de ella, adviene en conocimiento de los hechos que se le imputan. *Pueblo v. Montero Luciano*, 169 DPR 360, 373 (2006). Por ese medio, el Estado cumple con el derecho constitucional que cobija a todo acusado, a saber, la debida notificación de los cargos presentados en su contra. *Véase*, Art. II, sec. 11, Const. ELA, LPRA, Tomo 1. Ese requisito, tanto constitucional como estatutario, se cumple con una acusación o denuncia que incluya una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso para que pueda entenderla cualquier persona de inteligencia común. *Pueblo v. Montero Luciano*, supra. Por tanto, estamos ante un defecto sustancial cuando se omite uno o más elementos constitutivos del delito imputado en la denuncia o acusación, entiéndase, cuando falta un hecho que es necesario probar para hacer el acto imputado un delito. *Pueblo v. González*, 97 DPR 541, 543-544 (1969).

En lo concerniente al caso ante nos, la denuncia presentada contra el señor Zambrana Trinidad no incluyó hechos constitutivos del requisito de la interpelación. Tal omisión constituyó una violación a la Regla 35(c)

de Procedimiento Criminal, 34 LPRA Ap. II, y provocó que la denuncia fuese insuficiente en derecho, por no incluir todos los elementos del delito imputado. Al no incluir todos los hechos esenciales constitutivos del delito, esta denuncia no cumplió con el mandato constitucional de la debida notificación. *Véase*, *Pueblo v. Vélez Rodríguez*, 186 DPR 621 (2012).

La realidad jurídica expuesta debería pesar más que una mera Sentencia que no constituye autoridad ni precedente, a saber: *Pueblo v. Gascot*, 166 DPR 210 (2005), en la que erróneamente se concluyó que el requisito de la interpelación no es un elemento del delito, sino una defensa. Más aún, cuando se aleja de la arraigada jurisprudencia que atiende los artículos penales ante nuestra consideración. Por ello, en este caso, debemos reconocer que la interpelación es un elemento del delito de insuficiencia de fondos y que tiene que formar parte de la exposición de hechos de una denuncia o acusación para de esta manera cumplir con la debida notificación que exige el debido proceso de ley y el principio de legalidad.


                                    Luis F. Estrella Martínez
                                         Juez Asociado