EL PUEBLO DE PUERTO RICO, recurrido, *v.* ELADIO LAU-REANO BURGOS, peticionario.

*Número:* O-84-130        *Resuelto:* 17 de mayo de 1984

*Carmen Ana Rodríguez Maldonado,* de la División de Apelaciones de la Sociedad para Asistencia Legal, abogada del peticionario; *Doris Zoé Pons Pagán,* abogada de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Llamados para el acto del juicio los casos que por una supuesta infracción a los Arts. 2, 6 y 8 de la Ley de Armas de Puerto Rico(1) le imputa el ministerio público al aquí peticionario Eladio Laureano Burgos, el Hon. Tribunal

---

(1) 25 L.P.R.A. secs. 412, 416 y 418.

Superior de Puerto Rico, Sala de Bayamón, denegó una solicitud de éste para que *todos* los casos fueran vistos ante un jurado. Determinó el tribunal de instancia que el peticionario no tenía derecho a juicio por jurado en relación con los casos por infracciones a los Arts. 2 y 6 por cuanto éstos eran delitos "menos graves" y según las disposiciones del Art. 33 de la referida Ley de Armas los mismos deben ser ventilados por tribunal de derecho.[2]

Inconforme, el peticionario recurrió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*. Expedimos orden de mostrar causa. La oficina del Hon. Procurador General de Puerto Rico ha comparecido. Procede revocar la resolución recurrida. Veamos por qué.

■ De acuerdo con las disposiciones de la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico y de la Regla 111 de las Reglas de Procedimiento Criminal, todo acusado de *delito grave* en nuestra jurisdicción tiene derecho a que las cuestiones de hecho sean dilucidadas por un jurado, compuesto el mismo por doce (12) vecinos del distrito judicial en que supuestamente ocurran los hechos imputados.

■ El Art. 12 del Código Penal de Puerto Rico[3] establece, en lo pertinente, que los "delitos se clasifican en menos graves y graves" y que es "delito menos grave todo aquel que apareja pena de reclusión por un término *que no exceda* de seis meses", constituyendo delito grave "todos los demás delitos". (Énfasis suplido.)

En el 1980 fue aprobada la Ley Núm. 110 de 4 de junio de 1980, conocida como la Ley de Sentencias Determinadas.

---

[2] 25 L.P.R.A. sec. 443.
El Tribunal Superior y el Tribunal de Distrito tendrán jurisdicción concurrente para conocer de todos los delitos menos graves definidos y castigados por este Capítulo. El Tribunal Superior tendrá jurisdicción exclusiva para conocer de todos los delitos graves definidos y castigados por este Capítulo. Todos los casos que se ventilen ante el Tribunal Superior lo serán por tribunal de derecho.

[3] 33 L.P.R.A. sec. 3044.

Las penas a imponerse a una persona que haya sido encontrada culpable de una infracción a los citados Arts. 2 y 6 de la Ley de Armas de Puerto Rico fueron aumentadas a un término fijo de un año de reclusión. [4]

En vista de las disposiciones del antes citado Art. 12 del Código Penal, los delitos estatuidos por los Arts. 2 y 6 de la citada Ley de Armas se han convertido en principio, por mandato de ley, en delitos graves; [5] en consecuencia, una persona que sea acusada de la supuesta infracción a dichos artículos de ley tiene derecho a que los casos sean ventilados ante un jurado. [6]

Por las razones antes expresadas, *se expide el auto de certiorari solicitado y se dicta sentencia que revoca la resolución emitida por el Hon. Tribunal Superior de Puerto Rico, Sala de Bayamón, en el presente caso y se devuelve el caso ante dicho tribunal para la continuación de procedimientos ulteriores compatibles con lo aquí resuelto.* [7]

El Juez Asociado Señor Torres Rigual concurre en el resultado sin opinión.

---

[4] Toda persona convicta por infracción al Art. 2 de la Ley de Armas "será ... castigada con pena de reclusión por un término fijo de un (1) año. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de dos (2) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de seis (6) meses. ..." 25 L.P.R.A. sec. 450.

En cuanto a las penalidades que pueden ser impuestas por una infracción al Art. 6 de la Ley de Armas, véase 25 L.P.R.A. sec. 448.

[5] En vista de que una vez convicta la persona el tribunal, ante prueba de atenuantes, podrá imponer la pena de seis (6) meses de cárcel, el delito tipificado en dichos artículos podría convertirse en "menos grave". Ello, sin embargo, nada tiene que ver con el derecho "original" a juicio por jurado. Véase: *Baldwin* v. *New York*, 399 U.S. 66, 69 (1970).

[6] La decisión aquí emitida encuentra apoyo en las decisiones emitidas por el Tribunal Supremo de los Estados Unidos a los efectos de que el criterio relevante o controlante en la determinación de si una pesona tiene o no derecho a juicio por jurado lo es la severidad de la pena máxima que se *pueda imponer* por la comisión de la ofensa en particular. Véanse: *Schick* v. *U.S.*, 195 U.S. 65 (1904); *Duncan* v. *Louisiana*, 391 U.S. 145 (1968); *Frank* v. *U.S.*, 395 U.S. 147 (1969); y *Baldwin* v. *New York*, supra.

[7] La decisión a la que se llega está predicada en el hecho de que el peticionario en el presente caso reclamó oportunamente su derecho a juicio por jurado.