EL PUEBLO DE PUERTO RICO, recurrido, *v.* SANTOS MARTÍNEZ TORRES, acusado y peticionario.

*Número:* O-85-106    *Resuelto:* 14 de enero de 1986

---

*José Enrique Ayoroa Santaliz,* abogado del peticionario; *Américo Serra, Procurador General Interino, Marjorie Rivera Rodríguez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Contra Santos Martínez Torres penden ante el Tribunal Superior, Sala de Ponce, acusaciones por infracciones a los Arts. 6 y 7 de la Ley de Armas de Puerto Rico, 25 L.P.R.A.

secs. 416 y 417. (¹) Alegó no ser culpable. Se seleccionó el jurado. El día señalado para comenzar el desfile de la prueba, el acusado solicitó la desestimación de las acusaciones. Invocó la Regla 64 (p) de Procedimiento Criminal (²) y planteó que en virtud de los pronunciamientos en *Pueblo* v. *Laureano*, 115 D.P.R. 447 (1984), los delitos que se le imputaban eran graves. (³) Se basó en que las penas contempladas excedían los seis (6) meses de reclusión. (⁴) Adujo que era imperativa

---

(¹) Los Arts. 6 y 7, respectivamente, disponen:

"Toda persona que tenga o posea cualquier pistola, revólver u otra arma de [f]uego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de *delito menos grave*, y si ha sido convicta con anterioridad de cualquier infracción a este Capítulo o de cualquiera de los delitos especificados en la sec. 427 de este título, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave."

"Toda persona que porte, conduzca o transporte cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de *delito menos grave*, y si ha sido convicta con anterioridad de cualquier infracción a este Capítulo o de cualquiera de los delitos especificados en la sec. 427 de este título, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave." (Énfasis suplido.)

(²) En lo pertinente dispone:

(³) Allí, ante una situación de delitos menos graves cuyas penas excedían los seis (6) meses de reclusión, dictaminamos:

"En vista de las disposiciones del antes citado Art. 12 del Código Penal, los delitos estatuidos por los Arts. 2 y 6 de la citada Ley de Armas se han convertido en principio, por mandato de ley, en delitos graves; *en su consecuencia, una persona que sea acusada de la supuesta infracción a dichos artículos de ley tiene derecho a que los casos sean ventilados ante un jurado.*" (Énfasis nuestro y escolios omitidos.) *Pueblo* v. *Laureano*, 115 D.P.R. 447, 449 (1984).

(⁴) Un examen de las acusaciones en cuestión revela que las mismas imputan infracciones a los Arts. 6 y 7 en sus modalidades expresamente calificadas por el legislador como delitos menos graves. Por tal razón es de aplicación el inciso (a) del Art. 38 de dicha ley, 25 L.P.R.A. sec. 448, según enmendado por la Ley Núm. 110 del 4 de junio de 1980, que *establece "una pena de reclusión fija de un (1) año. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de dos (2)*

la celebración de una vista preliminar previa a la presentación de las acusaciones. ([5]) El tribunal declaró sin lugar el planteamiento. A solicitud de Martínez Torres revisamos mediante orden para mostrar causa. ([6])

## I

■ Es axioma elemental, concorde al principio de legalidad, que la Asamblea Legislativa tiene la facultad constitucional exclusiva de tipificar delitos. Art. 8 del Código Penal de 1974 (33 L.P.R.A. sec. 3031) ; *Pueblo v. Escambrón Beach Club*, 63 D.P.R. 761 (1944) ; *Corretjer v. Tribl. de Distrito*, 72 D.P.R. 754 (1951) ; *Meléndez v. Tribunal Superior*, 90 D.P.R. 656 (1964) ; *Pueblo v. Lucret Quiñones*, 111 D.P.R. 716 (1981). Esa prerrogativa legislativa comprende también la de calificarlos en graves o menos graves. *Pueblo v. Méndez*, 65 D.P.R. 702 (1946) ; *Pérez Vega v. Tribunal Superior*, 93 D.P.R. 749 (1966). Específicamente en *Meléndez v. Tribunal Superior*, supra, reconocimos tal facultad, al clasificarse un delito como *misdemeanor* (menos grave), aun cuando la pena impuesta correspondiera a un *felony* (delito grave), o sea, la de presidio. ([7])

■ Esa normativa jurisprudencial es el punto de partida para la solución del caso de autos. Aquí los actos imputados —tipificados como delitos en los Arts. 6 y 7 de la Ley de Armas— fueron expresamente estatuidos por el legislador como menos graves. Originalmente, según el inciso (a) del Art. 38 de la ley, los mismos conllevaban pena de cárcel por un término mínimo de seis (6) meses y máximo de dos (2) años.

---

años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses". (Énfasis nuestro.)

([5]) Regla 23 de las de Procedimiento Criminal.

([6]) Tomamos conocimiento judicial de que algunos foros de instancia celebran vista preliminar en casos de delitos menos graves cuyas penas exceden los seis (6) meses de reclusión.

([7]) Art. 14 del Código Penal de Puerto Rico de 1937.

Luego, en virtud del Art. 1 de la Ley Núm. 9 del 7 de julio de 1971 (33 L.P.R.A. sec. 1712), dicha pena fue disminuida al máximo de seis (6) meses de reclusión.[8] En el 1980, un conjunto de medidas legislativas suplantó el sistema de sentencia indeterminada en vigor desde el 1946. Se adoptó el método de sentencia determinada.[9] Su propósito fue lograr uniformidad de manera que las penas a imponerse tuviesen "un mayor grado de certeza para que operen como factor disuasivo de futura conducta criminal por parte de los delincuentes potenciales y propicien uniformidad de manera que cada delito se castigue de acuerdo con su gravedad".[10] Exposición de Motivos de la Ley Núm. 100 del 4 de junio de 1980. La Sec. 1 de la Ley Núm. 110 del 4 de junio de 1980, enmendó entre otros el Art. 38 de la Ley de Armas, a los fines de establecer una pena fija de un (1) año de reclusión para los delitos imputados al acusado peticionario.[11] La Ley

---

[8] Véase *Pueblo* v. *Álvarez Maurás,* 100 D.P.R. 620 (1972).

[9] Leyes Núms. 100 a la 110 del 4 de junio de 1980. Leyes de Puerto Rico, 1980, págs. 297–385.

[10] El autor del proyecto de ley que pretendía implantar el sistema de sentencia determinada o fija, Senador Luis A. Ferré, momentos antes de ser aprobada la medida por el Senado, expresó en el hemiciclo:

"Estos proyectos, por lo tanto, tratan de cambiar el concepto y establecer para cada delito un castigo fijo y determinado." 34 Diario de Sesiones de la Asamblea Legislativa (Senado) 735 (1980).

[11] Dispone:

"Toda persona convicta de violación a los Artículos 6, 7 ó 29 sin incluir el inciso (c) de la misma, [*sic*] de esta ley será castigada de la siguiente manera:

"(a) *Con pena de reclusión fija de un (1) año. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de dos (2) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses.*

"(b) Cuando haya sido convicta anteriormente por la comisión de alguno de los delitos referidos en el Artículo 17 de esta ley; con pena de reclusión por un término fijo de dos (2) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de tres (3) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de un (1) año.

Núm. 110 no modificó la calificación de los Arts. 6 y 7 de la Ley de Armas a los efectos de convertirlos en delitos graves. A igual conclusión arribamos en virtud de un análisis de la Exposición de Motivos de la Ley Núm. 100 e historial legislativo de las medidas que implementaron el sistema de senten-

---

"(c) Con pena de reclusión por un término fijo de cuatro (4) años cuando el arma se use en la comisión o en ocasión de cualesquiera de los delitos graves especificados en el Artículo 17 de esta ley. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de tres (3) años.

"(d) Con pena de reclusión por un término de tres (3) años cuando el arma se use en la comisión de cualquiera de los delitos menos graves especificados en el Artículo 17 de esta ley. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de un (1) año." (Énfasis nuestro y escolios omitidos.) Leyes de Puerto Rico de 1980, pág. 385.

Como ya habíamos indicado, la Ley Núm. 9 del 7 de julio de 1971 limitó a un máximo de seis (6) meses de reclusión la pena establecida en el inciso (a) del Art. 38 de la Ley de Armas con respecto a los delitos menos graves tipificados en los Arts. 6 y 7 de la misma ley. La medida respondió a lo resuelto por el Tribunal Supremo federal en el caso de *Baldwin* v. *New York*, 399 U.S. 66, 76 (1970). Se pretendió mediante la misma evitar tener que conceder derecho a juicio por jurado en casos de delitos menos graves que no fueran el homicidio involuntario. Consideró el legislador que conceder juicio por jurado en casos de tales delitos conllevaría dificultades de orden presupuestario y administrativo. 3 Diario de Sesiones de la Asamblea Legislativa (Cámara) 1320–1321 (1971). Al enmendarse el inciso (a) del Art. 38 por la Ley Núm. 110, a los fines de conformar el mismo con el sistema de sentencia determinada, el legislador tomó en consideración la pena indefinida de seis (6) meses a dos (2) años que se establecía en la Ley, y la cual estaba inoperante en virtud de la Ley Núm. 9. 34 Diario de Sesiones (Senado), *supra*, pág. 699. Al así hacerlo, el legislador aparentemente obvió lo preceptuado en la Ley Núm. 9, por lo que al establecerse la pena fija de un (1) año se pudo haber actuado inadvertidamente. Por otro lado, la Ley Núm. 17 del 8 de octubre de 1980 (véase la Exposición de Motivos, Leyes de Puerto Rico de 1980, págs. 1055–1057), corrigió un error incurrido al conformar ciertas penalidades impuestas por la Ley de Explosivos, 25 L.P.R.A. secs. 588 y 592, con el sistema de sentencias determinadas, similar al que se pudo haber cometido al enmendarse el inciso (a) del Art. 38 de la Ley de Armas. Véase la Exposición de Motivos de la Ley Núm. 17, Leyes de Puerto Rico, págs. 1055–1057 (1980). No obstante, y en virtud de la presunción de que el legislador tiene conocimiento de todas las leyes, concluimos que en el caso específico del inciso (a) del Art. 38, la intención fue la de establecer la pena fija de un (1) año, quedando modificado de esta forma lo establecido por la

cia determinada. ([12]) No surge esa intención. En resumen, todos los indicadores y la casuística sostienen, inequívocamente, que los delitos que se imputan al acusado son menos graves. ([13])

## II

■ Existen otros fundamentos que militan en contra de la tesis del peticionario. El principio de hermenéutica de estatutos penales que postula la interpretación restrictiva de la ley penal y propende el beneficio de la duda al acusado (*favor rei*) —*Mari Bras* v. *Alcaide*, 100 D.P.R. 506 (1972) ; *Pueblo*

---

Ley Núm. 9. *Ramos* v. *Corte*, 59 D.P.R. 422 (1941) ; *Hernández* v. *Fournier*, 80 D.P.R. 93 (1957) ; R. Dickerson, *The Interpretation and Application of Statutes*, Boston, Ed. Little, Brown & Co., 1975, págs. 226–227. De haber sido otra la intención de la Legislatura, a ésta correspondería tomar la acción pertinente.

([12]) El Art. 41 de la Ley de Armas, 25 L.P.R.A. sec. 451, dispone:

"Toda infracción a las disposiciones de este Capítulo, a menos que en él otra cosa se haya dispuesto expresamente, constituirá delito menos grave, y todo delito menos grave por violación a las disposiciones de este Capítulo para la cual no se haya dispuesto otra pena se castigará con pena de reclusión por un término fijo de un (1) año. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de dos (2) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de seis (6) meses."

([13]) El Art. 12 del Código Penal, 33 L.P.R.A. sec. 3044, dispone que cualquier delito que apareje una pena de reclusión mayor de seis (6) meses será considerado como grave. No obstante, el propio Código Penal, en su Art. 5 (33 L.P.R.A. sec. 3005) establece: "Si la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, *se aplicará la ley especial en cuanto no se establezca lo contrario*." (Énfasis nuestro.) Los Arts. 6 y 7 de la Ley de Armas expresamente califican como menos graves los delitos imputados al acusado recurrente. La Ley de Armas es especial. En virtud del principio de especialidad, lo dispuesto por ella con respecto a la calificación de los delitos prevalece sobre la disposición de carácter general del Código Penal. (*Lex specialis derogat legi generali*.) *Pueblo* v. *López Pérez*, 106 D.P.R. 584, 586 (1977) ; L. Jiménez De Asúa, *Tratado de Derecho Penal*, 3ra ed., Buenos Aires, Ed. Losada, 1964, T. II, pág. 543; E. Cuello Calón, *Derecho Penal*, 18va ed., Barcelona, Ed. Bosch, 1981, T. I, Vol. 2, pág. 710; F. Puig Peña, *Derecho Penal*, 6ta ed., Madrid, Ed. Rev. Der. Privado, 1969, T. II, pág. 364; R. Maurach, *Tratado de Derecho Penal* (J. Córdoba Roda, traductor), Barcelona, Eds. Ariel, 1962, pág. 442.

v. *Tribunal Superior*, 101 D.P.R. 439 (1973)— impide en el presente caso la concesión de vista preliminar como consecuencia de que los delitos imputados sean considerados graves. Nos explicamos.

Si admitimos su proposición, todo el rigor de nuestro ordenamiento penal, tanto sustantivo como procesal, potencialmente operaría en perjuicio, no sólo del peticionario sino de toda aquella otra persona acusada y convicta por iguales delitos. Su impacto podría ser detrimental y además afectar el delicado balance existente en el diseño legislativo regulador de esta materia. Serias consecuencias, entre otras, se reflejarían en los siguientes aspectos: la prescripción de los delitos, Art. 78 del Código Penal, 33 L.P.R.A. sec. 3412; la determinación de la reincidencia, Art. 61 del Código Penal, 33 L.P.R.A. sec. 3301; la determinación de la delincuencia habitual, Art. 74 del Código Penal, 33 L.P.R.A. sec. 3375; la fianza, Regla 6.1 de las de Procedimiento Criminal; la citación, Regla 7 de las de Procedimiento Criminal; el arresto, Reglas 10, 11, 16 y 17 de las de Procedimiento Criminal, y la eliminación de convicciones de delitos menos graves del récord penal, 34 L.P.R.A. sec. 1731.

## III

■ Recapitulando, éstas y otras razones justifican reiterar la norma que reconoce la amplia y exclusiva facultad de la Legislatura de tipificar y calificar delitos. El campo de acción es dilatado. Su libre ejercicio sólo está sujeto a que no se lesione una disposición específica de la Constitución. *Pueblo* v. *Hickock of P.R., Inc.*, 78 D.P.R. 392 (1955); *Warner Lambert Co.* v. *Tribunal Superior*, 101 D.P.R. 378 (1973). Conforme a lo anterior, en *Pueblo* v. *Laureano*, supra, reconocimos el derecho a juicio por jurado a toda persona que se le impute delito cuya pena exceda los seis (6) meses de reclu-

sión. (¹⁴) El pronunciamiento y la conclusión de que los delitos imputados serían considerados graves, fue a los únicos efectos de reconocer el derecho constitucional allí invocado.

■ Distinto al derecho invocado en *Pueblo* v. *Laureano*, supra, el derecho a vista preliminar es de rango estatutario y no constitucional. No fue incluido en la Carta de Derechos. Véase Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico. A igual conclusión ha llegado el Tribunal Supremo de Estados Unidos de América. *Lem Woon* v. *Oregon*, 229 U.S. 586 (1913); *Gerstein* v. *Pugh*, 420 U.S. 103 (1974); *Baker* v. *McCollan*, 443 U.S. 137 (1979).

■ Antes de entrar en vigor en el 1964 la Regla 23 de las de Procedimiento Criminal, en Puerto Rico no existía la vista preliminar. (¹⁵) *Pueblo* v. *Sánchez Vega*, 97 D.P.R. 133 (1969). Mediante la misma se dispuso: "Se celebrará una vista preliminar en todo caso en que se imputare a una persona un delito grave *(felony)*." 34 L.P.R.A. Ap. II, R. 23. El mandato estatutario es taxativo. Se excluyó expresamente a personas imputadas de delitos menos graves del derecho a la vista preliminar. Consideraciones de distinta índole, entre ellas de naturaleza pragmática, estuvieron presentes al momento de su promulgación. (¹⁶) En *Pueblo* v. *Martínez Vega*,

---

(¹⁴) Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico; Enmienda VI de la Constitución de Estados Unidos de América; *Duncan* v. *Louisiana*, 391 U.S. 145 (1968); *Frank* v. *United States*, 395 U.S. 147 (1969); *Baldwin* v. *New York*, supra.

(¹⁵) La Ley Núm. 87 del 26 de junio de 1963 pospuso la fecha de vigencia de la Regla 23 hasta el 1ro de julio de 1964.

(¹⁶) ". . . Hubo una medida, es decir, hubo una razón de naturaleza práctica, más bien que teórica, para justificar esa distinción: la importancia del delito, la idea práctica del gran número de casos de delitos menos graves, que sencillamente, harían prácticamente imposible la celebración de vistas preliminares, y la falta de necesidad perentoria de que se celebre la vista preliminar en casos por delito menos grave. Por esas razones, el Comité decidió recomendar, y así lo incorporó en esta Regla, la vista preliminar en delitos graves únicamente." *Memoria de la primera sesión plenaria*, Conferencia Judicial de Puerto Rico, Tribunal Supremo de Puerto Rico, 1958, págs. 143–144.

98 D.P.R. 946 (1970), interpretamos el alcance de esta regla. Resolvimos que no existe derecho a vista preliminar en casos en que se imputa un delito menos grave, aun cuando se haya concedido el derecho a juicio por jurado. ([17])

En el de autos, como antes indicamos, los delitos imputados son de naturaleza menos grave. Siendo así, no procedía la celebración de una vista preliminar como condición previa a la presentación de las acusaciones ante el Tribunal Superior. Actuó correctamente el foro de instancia.

*Se dictará sentencia confirmatoria y continuarán los procedimientos ante el Tribunal Superior, Sala de Ponce.*

El Juez Asociado Señor Rebollo López emitió opinión disidente a la cual se unió el Juez Asociado Señor Irizarry Yunqué.

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López a la cual se une el Juez Asociado Señor Irizarry Yunqué.

Somos del criterio que la correcta solución de la cuestión planteada en el presente caso exige que mantengamos presente que en nuestra jurisdicción la clasificación de los delitos como graves o menos graves por parte de la Asamblea Legislativa históricamente ha guardado *una relación estrecha y directa* con el derecho o no a juicio por jurado, derecho que como sabemos por lo general sólo cobija al acusado de delito grave. ([1]) Un análisis de la legislación pertinente a la cuestión en controversia revela que nuestro legislador ha actuado en numero-

---

([17]) En esa ocasión se trataba del delito de homicidio involuntario, al cual por mandato de ley se le reconocía el derecho a juicio por jurado. Art. 204 del Código Penal de 1937.

([1]) Con la posible excepción de la situación contemplada por la vigente Regla 111 de las de Procedimiento Criminal y el delito de homicidio involuntario.

sas ocasiones —ya de manera expresa, ya en forma tácita— con el propósito de mantener la relación antes mencionada.

Un ejemplo de lo anteriormente expresado lo constituye precisamente la Ley de Armas de Puerto Rico.[2] El legislador, al clasificar las infracciones a los Arts. 6 y 7 de la referida ley como delitos menos graves,[3] *expresamente dispuso* —mediante el Art. 33 de la citada ley[4]— que independientemente de que las acusaciones por infracción a los citados Arts. 6 y 7 fueren radicadas en el Tribunal de Distrito o en el Tribunal Superior, el juicio a celebrarse sería por tribunal de derecho. Resulta obvio que el legislador deseaba mantener a toda costa una "concordancia" entre la clasificación de los mismos como "menos graves" y el juicio por tribunal de derecho.

Prueba concluyente de lo anteriormente expresado es lo que sucede en los años de 1967 a 1971. En el caso normativo de *Duncan* v. *Louisiana,* 391 U.S. 145 (1968), el Tribunal Supremo de Estados Unidos resolvió —en síntesis y en lo pertinente— que los estados venían obligados a conceder y proveer juicio por jurado a todo ciudadano acusado de un crimen "serio". Dos años más tarde, en *Baldwin* v. *New York,* 399 U.S. 66 (1970), el referido tribunal definió lo que constituía un "crimen serio": todo delito que apareja una pena de encarcelamiento en exceso de seis (6) meses.

Recordemos que para esa época nuestro ordenamiento prescribía en relación a casi la totalidad de los delitos clasificados como "menos graves" —entre ellos los Arts. 6 y 7 de la Ley de Armas— una pena de hasta dos (2) años de encarcelamiento. Nuestra Asamblea Legislativa, con el incuestionable propósito de evitar tener que concederle juicio por jurado a aquellas personas que fueran acusadas de delitos que hasta

---

[2] Ley Núm. 17 de 19 de enero de 1951.

[3] Véase: 25 L.P.R.A. secs. 416 y 417.

[4] 25 L.P.R.A. sec. 443.

esa fecha dicho cuerpo legislativo había clasificado como delitos menos graves, aprobó la Ley Núm. 9 de 7 de julio de 1971. Dispuso, en lo pertinente, que en "toda delicuencia que constituya delito menos grave que apareje pena de cárcel la reclusión no excederá de seis (6) meses," derogando expresamente "cualquier disposición del Código Penal *y de Leyes Especiales de Puerto Rico* en lo que se relacione con pena para delitos menos graves y que no sea compatible con lo dispuesto en esta ley". (Énfasis suplido.) Dicho de otra forma, el legislador actuó expresa y afirmativamente para evitar que aquellas personas acusadas de la supuesta comisión de un delito menos grave pudieran tener derecho a juicio por jurado.

En el 1974 se aprueba el vigente Código Penal de Puerto Rico. Acorde con la trayectoria e intención legislativa antes reseñada, el legislador establece —mediante las disposiciones del Art. 12 del citado Código— ([5]) que los "delitos se clasifican en menos graves y graves" y que es "delito menos grave todo aquel que apareja pena de reclusión por un término que no exceda de seis meses", constituyendo delito grave "todos los demás delitos".

Como podemos notar, al así actuar la Legislatura "abandonó" la vieja y complicada clasificación que establecían los Códigos Penales de 1902 y 1937 a los efectos de que delito menos grave era aquél sujeto a pena de "cárcel" y delito grave aquel que era castigado con pena de "presidio". Por el contrario estableció —a tenor con el "enfoque" sobre el derecho a juicio por jurado requerido por el Tribunal Supremo federal en los casos de *Duncan* v. *Louisiana* y *Baldwin* v. *New York*, ante— *un sistema uniforme general para la clasificación de los delitos que gira alrededor de la pena de reclusión que se provea para cualquier delito en específico.* En palabras más sencillas, nuestra Asamblea Legislativa, al aprobar el vigente Código Penal de 1974, estableció un sistema que tiene

---

([5]) 33 L.P.R.A. sec. 3044.

*correlación directa* entre: 1– la pena de reclusión a imponerse; 2– la clasificación del delito como grave o menos grave, y 3– el derecho o no a juicio por jurado que garantiza, en relación con delitos graves, la Sec. 11 del Art. II de nuestra Constitución. (⁶)

Desde esa perspectiva histórica es que, a nuestro juicio, se debe examinar lo realizado por la Asamblea Legislativa de Puerto Rico al aprobar, entre otras, la Ley Núm. 100 de 4 de junio de 1980, conocida como la Ley de Sentencias Determinadas, y la Ley Núm. 110 de esa misma fecha. Mediante esta última se enmendó, en lo pertinente, el Art. 38 de la Ley de Armas de Puerto Rico a los fines de establecer una pena fija de un (1) año de reclusión a toda persona convicta de una infracción a los Arts. 6 y 7 de la referida Ley de Armas.

Procede que nos preguntemos: ¿cuál es el alcance de esta enmienda desde el punto de vista de la clasificación de dichos delitos como graves o menos graves? Existen, como sabemos, dos posibilidades. La primera: que aun cuando no lo hizo constar expresamente, el legislador *de manera tácita* efectivamente lo convirtió, en principio, en delito grave. Ésa, dicho sea de paso, fue la conclusión a la que este Tribunal llegó, en forma unánime, en *Pueblo* v. *Laureano*, 115 D.P.R. 447 (1984). (⁷)

Somos de la opinión que dicha decisión debe ser ratificada por cuanto es obvio que ésa fue la intención legislativa. En primer lugar, debemos mantener presente que en el 1980, (⁸)

---

(⁶)La razón por la cual el legislador ha actuado para mantener dicha relación entre la clasificación del delito como grave y menos grave y el derecho o no a juicio por jurado nos parece obvia: aquel delito cuya seriedad o gravedad es lo suficiente para ameritar que el mismo se dilucide por jurado es, a su vez, lo bastante serio como para ameritar su clasificación como delito grave. Por otro lado, aquel delito que no amerita que el juicio del mismo se celebre por jurado, sólo amerita la clasificación de delito menos grave.

(⁷)84 J.T.S. 45.

(⁸)Año en que se lleva a cabo la enmienda en controversia.

como hoy en día, nuestra ciudadanía estaba sumamente preocupada con la alta incidencia criminal que nos ha estado azotando en los últimos años. Nuestro legislador, en respuesta a esa legítima inquietud ciudadana, actuó aprobando la citada Ley Núm. 110. El propósito de la misma fue combatir el crimen y al criminal con medidas más severas. Nos parece claro que ello se logra no sólo aumentando la pena, sino la clasificación del delito. En segundo lugar, tenemos que presumir que nuestra Asamblea Legislativa al legislar lo hace con plena consciencia de las leyes vigentes en ese momento y la jurisprudencia interpretativa de las mismas. Como hemos visto, acorde con lo resuelto en los casos antes citados de *Duncan* v. *Louisiana* y *Baldwin* v. *New York*, el legislador desde el 1974, cuando aprobó el vigente Código Penal de Puerto Rico, había creado un "esquema general" mediante el cual estableció una relación directa entre la pena de reclusión a imponerse, la clasificación del delito como grave o menos grave, y el derecho o no a juicio por jurado. Al aumentar la pena para los delitos aquí en controversia, resultaba innecesario que expresamente los clasificara como delitos graves por cuanto ello resultaba ser la consecuencia lógica y razonable de sus actos. Es importante señalar, por último, que esta interpretación promueve la *uniformidad* en nuestro sistema de derecho, principio que es de suma importancia para todo ordenamiento jurídico.

Es por ello que entendemos que la segunda alternativa —la hoy establecida por una mayoría de este Tribunal— constituye un paso en retroceso. Bajo la misma, no obstante "continuar" siendo delito menos grave una infracción a los Arts. 6 y 7 de la Ley de Armas, el acusado tiene derecho a juicio por jurado por cuanto las mismas —al proveerse una pena en exceso de seis (6) meses— constituyen "crímenes serios" en virtud de lo resuelto en los casos antes citados de *Duncan* v. *Louisiana* y *Baldwin* v. *New York*. Dicho de otra forma, de un "plumazo" hemos regresado a los primeros años de la década del setenta.

Revocaríamos, en su consecuencia, la resolución recurrida dictada por el Tribunal Superior de Puerto Rico, Sala de Ponce.