EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>　　　Recurrido<br><br>　　　　　v.<br><br>Roberto Rodríguez Rosario<br><br>　　　Recurrente | Certiorari<br><br>2004 TSPR 159<br><br>162 DPR \_\_\_\_ |

Número del Caso: CC-2001-163

Fecha: 29 de septiembre de 2004

Tribunal de Circuito de Apelaciones:

　　　　　　　　Circuito Regional II Bayamón

Panel integrado por su Presidente, el Juez Arbona Lago y los Jueces Aponte Hernández y Urgell Cuebas

Abogados de la Parte Peticionaria:

　　　　　　　　Lcdo. Humberto Pagán Hernández
　　　　　　　　Lcdo. Jorge L. Santiago Carrasquillo

Oficina del Procurador General:

　　　　　　　　Lcda. Marta Maldonado Maldonado
　　　　　　　　Procuradora General Auxiliar

Materia: Apelación Criminal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

    v.                       CC-2001-163    Certiorari

Roberto Rodríguez Rosario

    Recurrente

SENTENCIA

San Juan, Puerto Rico, a 29 de septiembre de 2004.

El Sr. Roberto Rodríguez Rosario (en adelante señor Rodríguez Rosario) fue acusado de agresión agravada menos grave por haber empujado, sin causarle daño, a un guardia municipal debidamente uniformado. Art. 95 del Código Penal, 33 L.P.R.A. sec. 4032(a). Tras haber sido declarado culpable, el Tribunal de Primera Instancia, entre otras cosas, le impuso el pago de una multa de mil quinientos dólares ($1,500).

Oportunamente, el señor Rodríguez Rosario acudió al Tribunal de Apelaciones. Impugnó la

cuantía de la multa por entender que la misma no debió exceder los quinientos dólares ($500) en vista de que su caso se trataba de un delito menos grave. El foro apelativo intermedio confirmó la determinación de instancia al resolver que, a partir de la enmienda al Art. 12 del Código Penal, 33 L.P.R.A. sec. 3045, mediante la Ley Núm. 252 de 15 de agosto de 1999, la pena para todos los delitos menos graves tipificados en el Código penal fue aumentada a cinco mil dólares ($5,000).

Inconforme, Rodríguez Rosario acudió ante nos. Vista su petición de *certiorari*, expedimos el auto solicitado. Con el beneficio de la comparecencia del Estado Libre Asociado de Puerto Rico, representado por el Hon. Procurador General, resolvemos que erró el Tribunal de Apelaciones al confirmar la determinación del tribunal de instancia en el caso de autos.

Por consiguiente, revocamos la sentencia recurrida y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció y manda el Tribunal, y certifica la señora Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emitió un Voto de Conformidad, al cual se unen el Juez Asociado señor Rebollo López y la Jueza Asociada señora Fiol Matta. El Juez Asociado señor Corrada del Río disiente por entender que la decisión del Tribunal de Apelaciones es sustancialmente correcta. El

Juez Asociado señor Fuster Berlingeri y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.


                    Patricia Otón Olivieri
                 Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

    v.                                CC-2001-163    Certiorari

Roberto Rodríguez Rosario

    Recurrente


Voto de Conformidad emitido por el Juez Presidente señor Hernández Denton, al cual se unen el Juez Asociado señor Rebollo López y la Jueza Asociada señora Fiol Matta.


San Juan, Puerto Rico, a 29 de septiembre de 2004.

Estamos conforme con la Sentencia que emite el Tribunal en el caso de autos por entender que la enmienda que hiciera la Ley Núm. 252 de 15 de agosto de 1999 al Art. 12 del Código Penal de Puerto Rico,[1] no aumentó a cinco mil dólares ($5,000) la pena de multa máxima para los delitos menos graves tipificados en el Código Penal.

I

El Sr. Roberto Rodríguez Rosario fue denunciado por el Art. 95 del Código Penal, *supra*, sobre agresión agravada menos grave. 33 L.P.R.A. sec. 4032(a). Se le imputó haber empujado, sin causarle daño, a un agente de la guardia municipal de Bayamón mientras estaba detenido                                        en

---

[1] 33 L.P.R.A. sec. 3044.

el cuartel. Celebrada la vista del juicio en su fondo, el Tribunal de Primera Instancia declaró culpable al señor Rodríguez Rosario y lo condenó a una sentencia susendida de treinta (30) días de cárcel más al pago de mil quinientos dólares ($1,500) de multa.

Oportunamente, el señor Rodríguez Rosario acudió al Tribunal de Apelaciones. Alegó que se le había impuesto una pena de multa en exceso a la de quinientos dólares ($500) que se contempla para los casos de convicción por el delito de agresión agravada en su modalidad menos grave. El Ministerio Público, por su parte, alegó que del historial legislativo de la Ley Núm. 252, *supra*, surge la intención de la Asamblea Legislativa de aumentar la pena de multa para todos los delitos menos graves tipificados en el Código Penal con el fin de hacerla proporcional a la realidad económica de Puerto Rico.

El tribunal apelativo confirmó la decisión de instancia al resolver que la Ley Núm. 252 de 1999, *supra*, aumentó la pena para todo delito menos grave tipificado en el Código Penal. Como consecuencia, el foro intermedio concluyó que la pena de multa máxima de quinientos dólares ($500) que disponía el delito de agresión agravada menos grave fue aumentada a un máximo de cinco mil dólares ($5,000). Inconforme, Rodríguez Rosario presentó una solicitud de *certiorari* ante nos.

Vista la comparecencia de ambas partes, mediante Sentencia este Tribunal revoca la determinación del

Tribunal de Apelaciones. Estamos contestes con dicho proceder. Veamos por qué.

II

A

Uno de los preceptos más elementales del derecho penal es el principio de legalidad. El mismo se fundamenta en la limitación que tiene el Estado de procesar criminalmente a un ciudadano por actos que no estén prohibidos por ley y de imponer penas cuando la ley no las haya dispuesto con anterioridad a la comisión del delito. Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031. *Nulla poena sine lege* es la frase que resume este principio, el cual exige, como condición imprescindible para que el Estado pueda instar una acción penal, que exista una ley previa en la que se disponga el delito y su pena.

Consecuencia lógica del principio de legalidad es la norma reiterada en nuestra jurisdicción de que los estatutos penales deben interpretarse restrictivamente y cualquier duda sobre su alcance o aplicación debe resolverse a favor del imputado. Pueblo v. De León Martínez, 132 D.P.R. 746 (1988); Pacheco v. Vargas, 120 D.P.R. 404 (1988). Cuando la ley es clara, el juez no debe valerse de normas de hermenéutica para extender su aplicación y alcance. Esto es particularmente importante

en el ámbito del derecho penal. En ese sentido, la Rama Judicial hace poca justicia cuando no se ajusta a lo estrictamente establecido en el texto de la ley con el fin de agudizar la pena de los delitos. Aún más en casos como el presente, en el que el propio texto, el historial legislativo y desarrollo de la ley refuerzan su significado original. Veamos.

B

El Art. 12 del Código Penal dispone que:

> **Los delitos se clasifican en menos grave y graves.**
>
> **<u>Es delito menos grave todo aquel [sic] que apareja</u> pena de reclusión por un término que no exceda de seis (6) meses, pena de multa que no exceda de cinco mil (5,000) dólares, o ambas penas a discreción de[l] Tribunal. Delito grave comprende todos los demás delitos.** 33 L.P.R.A. sec. 3044. (Énfasis suplido).

Del texto del segundo párrafo del artículo se desprende que un delito menos grave es "todo aquél" que el propio Código disponga que apareja una pena de reclusión por un término máximo de seis (6) meses, pena de multa no mayor de cinco mil dólares ($5,000), o ambas penas a discreción del tribunal. El primer párrafo clasifica los delitos entre graves y menos graves. A su vez, el segundo párrafo los define en consideración a la estructura actual del Código, mediante la cual el término de reclusión y la pena de multa máxima que conlleva la violación de cada delito están provistos en la definición misma de la conducta criminal. De no existir este artículo, cada tipo de delito tendría

por necesidad que especificar si se trata de uno menos grave o de uno grave, o el Legislador tendría que idearse alguna otra manera de diferenciar entre los grados de delitos.

A tenor con esta disposición, un delito es menos grave si la pena dispuesta por la Asamblea Legislativa en la definición particular de dicho delito en el Código Penal es de cárcel por un término menor de seis (6) meses o multa menor de cinco mil dólares ($5,000). De lo contrario, se trata de un delito grave. De ahí, se pueden entonces determinar las garantías procesales constitucionales y estatutarias que protegen al imputado. *Véase*, Pueblo v. Laureano Burgos, 115 D.P.R. 447 (1984); Pueblo v. Martínez Torres, *supra*; *en particular*, Opinión Disidente del Juez Asociado señor Rebollo López.

El hecho de que los delitos no especifiquen en sus decisiones si son graves o menos graves —con la excepción de casos como el delito de homicidio involuntario y otros delitos en leyes especiales— hace evidente el propósito de dicho Art. 12 de establecer la clasificación y definición de los delitos en el derecho penal, y no de disponer penalidad alguna para un delito en particular. Las penas de cada delito se especifican, como norma general, al tipificarse la conducta delictiva en cada uno de los artículos correspondientes del Código. En fin, en nuestro ordenamiento el Art. 12 del Código Penal, *supra*, no determina la pena para delito particular alguno. Su

propósito es meramente establecer la diferencia entre los delitos graves y menos graves.

C

A manera de excepción en el Código Penal, el Art. 86 sobre homicidio involuntario expresamente dispone que se trata de un delito menos grave a pesar de fijar una pena de delito grave.[2]   33 L.P.R.A. sec. 4005.   Al respecto, el referido Art. 86 expresa que:

> **No empece lo dispuesto en la sec. 3044 de este título [Art. 12 del Código Penal], el delito de homicidio involuntario según expuesto en la presente sección se considerará delito menos grave** y el acusado tendrá derecho a juicio por jurado.   33 L.P.R.A.   sec.   4005.   (Énfasis suplido).

Esta aclaración evidencia cómo la función clasificatoria y definitoria del Art. 12 del Código Penal, *supra*, encaja en la estructura de nuestro ordenamiento penal sustantivo.   Su propósito es clasificar los delitos en distintos grados en virtud de la pena provista para cada delito en particular, a menos que otra cosa se disponga expresamente.   Al adoptar el mismo, la Asamblea Legislativa ejerció su facultad exclusiva de designar la clasificación para cada tipo de delito en cumplimiento con el principio de legalidad.   *Véase*, Dora Nevares-Muñiz, *Código Penal de*

---

[2] Éste dispone una pena fija por un término de reclusión de un (1) año y ocho (8) meses o multa de un máximo de hasta tres mil (3,000) dólares, o ambas penas, a discreción del tribunal. La pena fija puede variar entre tres (3) años a seis (6) meses y un día de cárcel dependiendo de la existencia de agravantes o atenuantes y de los hechos mediante los cuales se configura el delito.   33 L.P.R.A. sec. 4005.   También puede imponerse la pena de restitución además de la de reclusión.   *Id*.

*Puerto Rico Revisado y Comentado*, Instituto para el Desarrollo del Derecho, Inc., 2001, pág. 24, *citando a* Pueblo v. Martínez Torres, 116 D.P.R. 793 (1986), al comentar el Art. 12 del Código Penal. La intención de la Asamblea Legislativa es que cada delito en particular se clasifique como grave o menos grave con referencia a las definiciones dispuestas en el Art. 12 del Código Penal, *supra*, a menos que se haya dispuesto otra cosa en la tipificación del delito mismo. *Véase*, Pueblo v. Martínez, *supra*.

D

Lo anterior también queda avalado por lo dispuesto en el Art. 13 del Código Penal, *supra,* el cual, contrario al Art. 12, sí fija la pena para ciertos delitos graves o menos graves cuando los mismos no tienen pena estatuida. Entre otras cosas, en el Art. 13 se dispone que: (1) cuando un tipo de delito no disponga su pena, se considerará como delito menos grave; (2) cuando se trate de un delito menos grave que no exprese la pena correspondiente, se penalizará con reclusión por un término que no exceda de seis (6) meses, multa que no exceda de cinco mil (5,000) dólares, o ambas penas a discreción del Tribunal; y (3) si fuera un delito grave sin pena estatuida, se castigará con reclusión por un término fijo entre cinco (5) años y seis (6) meses y un día, pena de multa entre diez mil (10,000) y cinco mil

un (5,001) dólares, o ambas penas a discreción del Tribunal.[3]

La primera disposición de este artículo provee para la situación en que el delito no expresa su clasificación –como ocurre normalmente– y cuando además carece de pena estatuida, por lo cual no es posible clasificarlo conforme al criterio adoptado en el Art. 12 del Código Penal, supra.[4] A falta de la variable clasificatoria adoptada por el Art. 12 –la pena– en la tipificación de la conducta delictiva, la Asamblea Legislativa dispuso que se considere como un delito menos grave. Luego de clasificado de esa manera, aplica el cuarto párrafo del Art. 13 para disponer la pena preestablecida por defecto para delitos menos graves.[5]

---

[3] Este Art. 13 tiene su origen en los Arts. 15 y 16 del Código Penal de Puerto Rico de 1902, los cuales disponían:

> Art. 15.–Excepto los casos en que se prescriba otra pena por este Código, toda delincuencia declarada "felony" apareja pena de presidio por un término máximo de cinco años.

> Art. 16.–Excepto en los casos en que se prescriba otra pena por este Código, toda delincuencia declarada "misdemeanor" apareja pena de cárcel por un término máximo de dos años, [o] multa máxima de doscientos cincuenta [dólares] [o] ambas penas.

[4] A esos efectos, el primer párrafo del Art. 13 del Código Penal dispone que "[s]i algún acto u omisión fuere declarado delito y no estuviere establecida la pena correspondiente, tal acto u omisión se penará como delito menos grave". 33 L.P.R.A. sec. 3045.

[5] El cuarto párrafo del Art. 13 dispone que los delitos menos graves sin pena estatuida conllevarán una penalidad que no excederá de seis (6) meses de reclusión, pena de multa que no excederá de cinco mil dólares ($5,000), o ambas penas a discreción del Tribunal, o prestación de

De igual forma, la jurisprudencia de este Tribunal evidencia la interpretación y aplicación del Art. 12 del Código Penal con el fin de precisar la clasificación de grave o menos grave de un delito en consideración a la pena en el mismo expresada. *Véase*, Pueblo v. Laureano Burgos, *supra*; Pueblo v. Martínez Torres, *supra*; Maysonet v. Granda, 133 D.P.R. 676 (1993). Dicho artículo no ha sido utilizado para verificar la pena en ningún caso. A falta de especificación de la pena en el tipo del delito, hemos acudido al Art. 13 del Código Penal, *supra*. *Véase*, Pueblo v. Barreto Rohena, 149 D.P.R. 718 (1999).

III

A

Un estudio del origen de la adopción del citado Art. 12 confirma también que el propósito del mismo es disponer la clasificación de los delitos y no fijar penas. Igual que el texto vigente del Art. 12, su versión en los Arts. 13 y 14 de la edición del Código Penal de Puerto Rico de 1902 y sus equivalentes en el Código Penal de California, de los cuales procede, **evidencian que su propósito es definir los delitos graves y menos graves. Para ello se toma la pena que la Rama Legislativa haya asignado a determinada conducta delictiva como variable clasificatoria.**

---

servicios en la comunidad en lugar de la pena de reclusión.

Los Arts. 13 y 14 del Código Penal de Puerto Rico de 1902, que precedieron el hoy Art. 12 del Código Penal de 1974, disponían que:

Art. 13.–Los delitos (crímenes) se dividen en: I° "Felonies" (delitos más graves) y 2° "Misdemeanors" (delitos menos graves).

Art. 14.–"Felony" es un crimen castigado con la pena de muerte [o] de presidio. "Misdemeanor" comprende todos los demás delitos. Cuando un delito castigado con pena de presidio, apareja también la de multa [o] cárcel, [a] discreción del Tribunal, se considerará "misdemeanor" para todos los efectos, después de dictada sentencia imponiendo una pena que no fuere de presidio.[6]

Estos artículos, a su vez, son una traducción literal de las secciones 16 y 17 respectivamente del Código Penal entonces vigente en el estado de California.[7] Comisión

---

[6] *Véase*, Comisión Codificadora Legislativa de la Asamblea Legislativa de Puerto Rico, *Código Penal de Puerto Rico*, San Juan, Negociado de Materiales, Imprenta y Transporte, 1937, pág. 9; Asamblea Legislativa de Puerto Rico, *Estatutos Revisados y Códigos de Puerto Rico*, San Juan, Imp. del Boletín Mercantil, 1902, pág. 523.

[7] Véase, The Codes of California, anotados por James M. Kerr, Vol. 4, Penal Code, San Francisco, Law Publishers and Booksellers, 1908, secs. 16-17.

Los mismos leían:

§ 16. Crimes, How Divided.
Crimes are divided into: (1) Felonies; and (2) Misdemeanors.

§ Felony and Misdemeanor Defined.
A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after judgment imposing a punishment other than imprisonment in the state prison.

Codificadora Legislativa de la Asamblea Legislativa de Puerto Rico, *supra*. En la actualidad, las referidas secciones del Código Penal de California han sido objeto de ciertas modificaciones pero las definiciones que tomáramos de referencia para nuestro Código se han conservado.[8]

De lo anterior se desprende que esta disposición estatutaria ha tenido desde su origen la función de clasificar y definir los distintos grados de delitos.

B

---

[8] *Véase*, Deering´s California Codes, Penal Code Annotated of the State of California, Bancroft-Whitney Co., San Francisco, 1985, págs. 38-39.

En su texto vigente leen:

§ 16. Crimes; kinds
Crimes and public offenses include:
(1) Felonies;
(2) Misdemeanors; and
(3) Infractions.

§ 17. Felony; misdemeanor; infraction; classification of offenses.
(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.
(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
(1) After a judgment imposing a punishment other than imprisonment in the state prison.
(2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor.
(3)
[…]

De la propia Exposición de Motivos de la Ley Núm. 252 de 15 de agosto de 1999, que enmendó el Art. 12 del Código Penal, *supra*, surge, además, que la Asamblea Legislativa entiende cabalmente que el propósito de este artículo dentro del ordenamiento penal puertorriqueño es instrumentar la "[c]lasificación de los delitos" en graves y menos grave con la definición de lo que cada uno significa a la luz de las penas impuestas en el resto del Código.

Ello se desprende del historial legislativo de dicha ley, la cual enmendó el Art. 12 del Código Penal, *supra*, con el fin de aumentar de quinientos (500) a cinco mil (5,000) dólares la cuantía máxima que se puede imponer como pena de multa para que un delito sea considerado menos grave. En su exposición de motivos se expuso claramente la intención de la Asamblea Legislativa de modificar la clasificación de los delitos menos graves para incluir aquellos que en el resto del Código aparejen una multa de hasta cinco mil dólares ($5,000).

Con el fin de atemperar la proporción de la pena con la conducta delictiva a la realidad social vigente en Puerto Rico, la Asamblea Legislativa decidió aumentar de quinientos dólares ($500) a cinco mil dólares ($5,000) el límite máximo para la clasificación de delitos menos graves. Con relación a ello se expresó:

> [D]esde la creación del Código Penal de 1974, el Artículo del mismo, el cual establece las clasificaciones de delito, no ha sufrido cambio alguno. **Es por esa razón que el límite de**

**quinientos (500) dólares como máximo *para la clasificación de delito menos grave* resulta igualmente desproporcional con la realidad del Puerto Rico de hoy.** Exposición de Motivos de la Ley Núm. 252 de agosto 15 de 1999, Leyes de Puerto Rico, 1999, pág. 1074.

Surge de la exposición de motivos de la Ley Núm. 252 de 1999, *supra*, que lo que hizo la Asamblea Legislativa fue **aumentar el máximo de la pena que <u>se puede</u> imponer por la comisión de cierto delito para que el mismo clasifique como menos grave. Esta disposición amplió la categoría de delitos menos graves, mas no aumentó la pena de multa para delito en particular. La misma no modificó de manera alguna la pena dispuesta para ningún delito en específico.** Su efecto fue reclasificar como delitos menos graves aquellos delitos que antes de la enmienda al Art. 12 del Código Penal, *supra*, se consideraban como graves por imponer una pena de multa en exceso de quinientos dólares ($500) pero no mayor de cinco mil dólares ($5,000).[9] Además, tuvo el efecto de establecer que siempre que estos

---

[9] A manera de ejemplo, como consecuencia de la enmienda uno de los delitos que pasó a ser menos grave es el de Prácticas Lesivas a la Dignidad e Integridad Personal del Aspirante en los Procesos de Iniciación de las Organizaciones, Fraternidades O Sororidades, el cual impone una pena de reclusión no menor de un (1) mes ni mayor de seis (6) meses o multa entre cuatrocientos (400) y ochocientos (800) dólares. 33 L.P.R.A. sec. 4036. **Esta función clasificatoria de delitos del Art. 12 fue reiterada por la mayoría de los miembros de este Tribunal mediante Sentencia en <u>Pueblo v. Maxon Engieneering, Inc.</u>, res. el 17 de marzo de 2003, 2003 T.S.P.R. 39. En dicha Sentencia se concluyó que la violación al Art. 8.012 de la Ley Electoral, 16 L.P.R.A. sec. 3362, que disponía una pena de cinco mil dólares ($5,000), se convirtió de delito grave a menos grave con la enmienda al Art. 12 que hizo la Ley Núm. 252 de 1999, *supra*. En cuanto a ese asunto, en dicho caso coincidieron la Sentencia del Tribunal y la Opinión Disidente.**

delitos no dispongan pena de reclusión, o de disponerla, la misma será menor de seis (6) meses.

Cónsono con lo anterior, en el Informe de la Comisión de lo Jurídico Penal sobre el P. de la C. 2140 – posteriormente Ley Núm. 252 de 1999, *supra*– se hizo constar que:

> Este Artículo [12 del Código Penal] nunca ha sido enmendado desde la creación del Código Penal de 1974. Luego de transcurridos más de veinte (20) años, resulta evidente la existencia de un problema de proporción en cuanto a la cantidad de dinero que apareja la comisión de un delito menos grave; **el límite de quinientos (500) dólares** como **máximo para la clasificación de delito menos grave** no concuerda con la realidad del Puerto Rico de hoy. Es por esta razón que el P. de la C. 2140 pretende aumentar el máximo de la pena de multa que *se puede* imponer por la comisión de delitos menos grave a cinco mil (5,000) dólares. Cámara de Representantes del Estado Libre Asociado de Puerto Rico, *Informe de la Comisión de lo Jurídico Penal sobre el P. de la C. 2140*, 8 de noviembre de 1998.

Más adelante en este mismo Informe se señala que:

> **Por otro lado, en aquellos casos en que la Asamblea Legislativa no haya incluido pena para un delito, éste se reputará como delito menos grave y su pena será la dispuesta por el Artículo 13 [del Código Penal]. Este Artículo provee además la pena para los delitos graves, que al ser tipificados no se estableció la pena correspondiente; [...]. Resulta igualmente necesario enmendar este Artículo, ya que la frontera establecida por la Asamblea Legislativa entre los delitos graves y los menos graves debe ser aumentada en proporción a lo que se haya estatuido en el Artículo 12 [del Código Penal].** *Id*. (Citas omitidas). (Énfasis suplido).

De estas expresiones surge, de igual forma, la diferencia entre la función clasificatoria del Art. 12 del Código Penal y la de imposición de penas del Art. 13 del mismo cuerpo reglamentario. El primero se encarga de

clasificar los delitos con pena estatuida en graves o menos graves, mientras que el segundo dispone la norma supletoria para clasificar y fijar la pena para aquellos delitos que, por no tener pena estatuida, no pueden clasificarse a la luz de la norma general dispuesta en el referido Art. 12.

Valga señalar, además, que no todos los delitos menos graves del Código Penal de Puerto Rico imponen la misma pena de multa máxima de quinientos dólares ($500). En ciertas instancias la Asamblea Legislativa diferenció y dispuso una pena menor a la multa máxima para delitos menos graves, como por ejemplo, para los delitos de Proposiciones Obscenas[10] y Entrada en Heredad Ajena,[11] los cuales fijan una pena de multa máxima de doscientos cincuenta (250) y trescientos (300) dólares, respectivamente.

La decisión del Tribunal de Apelaciones, al concluir que el Art. 12 del Código Penal, *supra*, según enmendado, fijó la pena para todos los delitos menos graves del Código Penal, tuvo el efecto de menoscabar la autoridad que la Rama Legislativa ejerció efectiva y expresamente al diferenciar entre las penas máximas de multas que conllevan ciertos delitos menos graves. De igual, dicho tribunal se

---

[10] Art. 107 del Código Penal, 33 L.P.R.A. sec. 4069. Para este delito se dispone una pena de reclusión máxima de seis (6) meses **"o multa que no excederá de doscientos cincuenta dólares"**. *Id.* (Énfasis suplido).

[11] Art. 178 de Código Penal, 33 L.P.R.A. sec. 4284. La pena para Entrada a Heredad Ajena es reclusión por no más de tres (3) **meses "o multa que no excederá de trescientos (300) dólares"** o ambas penas a discreción del tribunal. *Id.* (Énfasis suplido).

arrogó, vía interpretación judicial, la facultad de legislar las penas para los delitos menos graves tipificados en el Código Penal. Tal actuación es contraria al debido proceso de ley según instrumentado por el principio de legalidad. Const. E.L.A. de P.R., Art. II, Sec. 7, 1 L.P.R.A. sec. 7; Art. 8 del Código Penal, *supra*.

Visto lo anterior, examinemos los hechos del presente caso.

IV

El Sr. Roberto Rodríguez Rosario fue hallado culpable por violación del Art. 95 del Código Penal, *supra*, sobre agresión agravada menos grave. Este delito impone una pena de reclusión por un término máximo de seis (6) meses o multa máxima de quinientos dólares ($500), o ambas penas a discreción del tribunal. 33 L.P.R.A. sec. 4032. Por lo tanto, la pena de multa máxima que se puede imponer por una convicción por este delito es de quinientos dólares ($500).

En el ejercicio de su discreción, el Tribunal de Primera Instancia decidió imponer, además de la sentencia suspendida de treinta (30) días de cárcel, el pago de una multa de mil quinientos dólares ($1,500). El foro de instancia estimó que el Art. 12 del Código Penal, *supra*, al ser enmendado por la Ley Núm. 252 de 1999, *supra*, aumentó la pena para todos los delitos menos graves del Código Penal a un máximo de cinco mil dólares ($5,000). El Tribunal de Apelaciones confirmó esta determinación.

Erraron ambos tribunales inferiores al interpretar incorrectamente la naturaleza de la disposición estatutaria contenida en el Art. 12 del Código Penal, *supra*, y la enmienda al mismo mediante la Ley Núm. 252 de 1999, *supra*. Como expresáramos, dicho artículo define qué es un delito menos grave y, por exclusión, dispone cuáles son de naturaleza grave. Este artículo no impone pena a delito alguno, sino que define y clasifica la conducta delictiva de acuerdo a la pena estipulada por la Rama Legislativa. Se trata de un artículo que define los delitos en graves o menos graves en virtud de la pena establecida en la definición del delito mismo, lo cual es determinante al momento de precisar las garantías y protecciones que corresponden a todo imputado en nuestro sistema de justicia.

Por los fundamentos que preceden, estamos conformes con la Sentencia emitida por el Tribunal en el caso de autos mediante la cual se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al foro de instancia para la continuación de los procedimientos.


                        Federico Hernández Denton
                        Juez Presidente