González Rivera, Juez Ponente
*1194 TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso de certiorari comparece Jorge L. Agudo Olmeda para solicitar la revocación de un dictamen emitido el 7 de febrero de 2005 por el Tribunal de Primera Instancia, Sala de San Juan. El mismo está consignado en una minuta transcrita el 24 de febrero de 2005. Mediante el dictamen impugnado se le denegó sü reclamo para que una acusación, en la cual se le imputa el delito menos grave de Apropiación Ilegal, fuera ventilado ante jurado.
Veamos el trámite procesal que culminó en la presentación de este recurso.
I
Por hechos ocurridos el 28 de agosto de 2004, el Ministerio Público presentó en esta misma fecha una denuncia contra el peticionario por una alegada infracción al Artículo 166 del Código Penal, 33 L.P.R.A. 4272, el cual configura el delito de Apropiación Ilegal Agravada. Surge de la denuncia presentada que el valor de los bienes era de más de $200.00.
Celebrada la vista preliminar el 16 de noviembre de 2004, se determinó causa probable por una infracción al Artículo 165 del Código Penal, 33 L.P.R.A. 4271, el cual configura el delito menos grave de Apropiación Ilegal. El magistrado que presidió la vista preliminar señaló el caso para la celebración del acto de lectura de acusación y dejó citados los testigos para el juicio en su fondo. Resulta pertinente señalar que de acuerdo al resultado de la vista preliminar se remitió el expediente del caso a la Secretaría del Tribunal de Primera Instancia para que sirviera de base como pliego acusatorio al proceso a iniciarse ante dicho foro.
Por su parte, el 29 de noviembre de 2004, el Ministerio Público presentó una acusación basada en los mismos hechos consignados en la denuncia. Durante el acto de lectura, el foro recurrido se encontró con dos pliegos acusatorios: una denuncia y una acusación. Por estar duplicada la denuncia y sin objeción del Ministerio Público, el tribunal procedió al archivo de la misma. Una vez archivada la denuncia, continuaron los procedimientos encaminados a celebrar el juicio en su fondo utilizando como base la acusación. Con el anterior trasfondo, durante la vista celebrada el 27 de enero de 2005, el Ministerio Público enmendó la acusación para que de acuerdo al dictamen emitido en vista preliminar, reflejara que el valor de los bienes supuestamente apropiados era menos de $200.00.
Así las cosas, el 7 de febrero de 2005, el representante legal del peticionario solicitó que el juicio se celebrara ante un jurado. Invocó lo establecido en la Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. De tal modo, argumentó que el Ministerio Público ejerció la opción que le confiere la referida regla presentado su caso mediante un pliego de acusación, por lo que aun cuando se imputaba un delito menos grave, el caso debía verse ante jurado. Al denegar la petición, el foro recurrido razonó que debido a los cambios efectuados a la Ley de la Judicatura, el peticionario no tenía tal derecho. Indicó que comenzaría a ver el caso por tribunal de derecho en la fecha pautada.
Una vez transcrita la minuta en la cual consta el dictamen del tribunal e inconforme, el peticionario presentó el recurso que nos ocupa. Solicita que este foro apelativo revoque el dictamen recurrido y ordene que el caso sea ventilado ante jurado. Contado con la comparecencia del Procurador General, nos encontramos en posición *1195 de resolver la cuestión de derecho que nos ha sido planteada.
II
El derecho a juicio por jurado, de estirpe constitucional, está consagrado en el Artículo II §11 de la Constitución del Estado Libre Asociado de Puerto Rico. El mismo dispone de la siguiente manera:

“En los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito, quienes podrán rendir veredicto por mayoría de votos en el cual deberán concurrir no menos de nueve. ”

El jurado será el que actúe en el proceso como “juzgador de los hechos”. Ello significa que tendrá la “última palabra”, en cuanto a la culpabilidad o inocencia del imputado de delito. Además, el jurado tendrá la facultad de determinar el delito o el grado del mismo por el cual el imputado debe responder a la sociedad. Véase, Pueblo v. Lorio Ormsby, 137 D.P.R. 772 (1994); Pueblo v. Cruz Correa, 121 D.P.R. 270 (1988); E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Columbia, Ed. Forum, 1992, Vol. II pág. 273.
La facultad constitucional para clasificar delitos corresponde exclusivamente a la Asamblea Legislativa. Puede clasificarlos en graves o menos graves. Tal facultad se extiende a clasificar un delito como menos grave, aun cuando la pena impuesta corresponda a un delito grave. Pueblo v. Martínez Torres, 116 D.P.R. 793 (1986); Pérez Vega v. Tribunal Superior, 93 D.P.R. 749 (1966); Pueblo v. Laureano, 115 D.P.R. 447 (1984). Acorde con el principio de legalidad expuesto, el Artículo 12 del Código Penal, 33 L.P.R.A. 3044, dispone lo siguiente:

“Los delitos se clasifican en menos grave y graves.

Es delito menos grave todo aquél que apareja pena de reclusión por un término que no exceda de seis (6) meses, pena de multa que no exceda de cinco mil (5,000) dólares, o ambas penas a discreción del Tribunal. Delito grave comprende todos los demás delitos. ”

La clasificación de los delitos como grave o menos grave por parte de la Asamblea Legislativa guarda una relación estrecha con el derecho a juicio por jurado. Derecho que por lo general cobija al acusado de delito grave con la siguiente excepción. El Tribunal Supremo de Puerto Rico ha resuelto que a los fines del derecho constitucional a juicio por jurado lo determinante es la pena que apareja el delito y no su clasificación como delito grave o menos grave. Pueblo v. Martínez Vega, 98 D.P.R. 946 (1970). El caso típico lo es el de Homicidio Involuntario tipificado en el Artículo 86 del Código Penal, 33 L.P.R.A. 4005. La Asamblea Legislativa ha dispuesto para dicho delito una pena máxima de tres años cuando concurran en el mismo circunstancias agravantes. También ha dispuesto una pena mínima de seis meses y un día de cárcel, cuando concurran circunstancias atenuantes. En tal caso, lo determinante es la pena que apareja el delito y no su clasificación legislativa como delito menos grave. Siendo así, el acusado tendrá derecho ajuicio por jurado, mas no á la celebración de una vista preliminar. Pueblo v. Martínez Torres, supra.
Para comprender plenamente el alcance del derecho ajuicio por jurado, es menester también considerar otra excepción contemplada en el procedimiento criminal. La Regla 111 de Procedimiento Criminal, supra, reconoce el derecho a juicio por jurado a todo acusado de delito grave e inclusive, en ciertas circunstancias, al acusado de delito menos graves. Pueblo v. Rosario Orangel, 2003 J.T.S. 167, resuelto el 5 de noviembre de 2003. La referida regla dispone de la siguiente forma:

“Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave siempre que originalmente se presentare la acusación en el Tribunal de Primera Instancia [3] y fueren también de la competencia del Tribunal de Distrito, habrán de ser juzgadas por el 
*1196
jurado a menos que el acusado renunciarse expresa, inteligente y personalmente al derecho a juicio por jurado... ”.

A base de lo anteriormente transcrito, vemos que, excepto cuando el imputado renunciara a este derecho, corresponde a un jurado determinar y no al juez que interviene en el caso, la inocencia o culpabilidad de un acusado en todo caso de delito grave y salvo lo dispuesto en leyes especiales, en todo delito menos graves en que originalmente el Ministerio Público hubiere presentado una acusación ante el Tribunal de Primera Instancia. Una lectura cuidadosa de los términos claros en que está redactada la Regla 111 de Procedimiento Criminal, supra, nos lleva a concurrir con el peticionario que la extensión que hace el legislador del derecho a juicio por jurado en casos de delitos menos grave, ño es en contemplación a la naturaleza o severidad de la pena, sino en atención a la vía procesal escogida por el Estado para presentar su caso.
Según hemos expresado, la Regla 111 de Procedimiento Criminal, supra, dispone como primer requisito para activar el derecho de un acusado a tener un juicio por jurado en un caso menos grave, es que el Ministerio Público presentare una acusación ante el Tribunal de Primera Instancia. La regla además contempla que dicho delito sea de la competencia del Tribunal de Distrito. Es una realidad indisputada que el Tribunal de Distrito desde la aprobación de la Ley de la Judicatura de 1994 quedó abolido 8 años después de la vigencia de dicha ley. Véase Exposición de Motivos, Ley Núm. 201 de 22 de agosto de 2003, según enmendada. Es decir, desde el año 2002, no existe Tribunal de Distrito, desde entonces ya no cabe hablar de delitos menos grave con competencia concurrente entre el Tribunal de Primera Instancia y el Tribunal de Distrito. No obstante lo anterior, las Reglas de Procedimiento Criminal no se han enmendado para atemperarlas a la nueva realidad jurídica.
A pesar de los cambios que ha sufrido la Ley de la Judicatura, supra, la Regla 111 de Procedimiento Criminal, supra, con el incuestionable propósito de evitar tener que concederle juicio por jurado a aquellas personas que fueren acusadas de delitos clasificados como menos grave, dispuso conceder al Ministerio Público la opción de presentar su caso mediante una acusación como su primera alegación en un caso de naturaleza menos grave. Por disposición expresa de dicha regla, la acusación así presentada habrá de ser juzgada por un jurado a menos que el acusado renunciare a ello en forma expresa, inteligente y personalmente.
Lo anterior no significa, según sugiere el Procurador General en su escrito en cumplimiento de orden, que se va a conceder derecho a juicio por jurado en todo caso de delito menos grave irrespectivo de la pena que apareje el mismo. La regla es específica al disponer que tal curso de acción será procedente solamente en aquellos casos en que el Ministerio Público haya ejercido la opción de presentar una acusación imputando un delito menos grave. De esa forma, el Ministerio Público encausa el delito menos grave imputado como si fuera un delito grave. Ineludiblemente, tal actuación activará el derecho del acusado a que su causa sea juzgada por un jurado imparcial.
III
Al aplicar los anteriores preceptos legales y jurisprudenciales al caso que nos ocupa, vemos que el Ministerio Público acusó al peticionario Jorge L. Agudo Olmeda por el delito grave de Apropiación Ilegal Agravada, Art. 166 del Código Penal, supra. Celebrada la correspondiente vista preliminar, el magistrado que presidió la misma hizo un determinación de causa probable por un delito menor incluido, Artículo 165 del Código Penal, supra. El Ministerio Público no recurrió de tal determinación.
Señalada la vista para la celebración del acto de lectura y del juicio en su fondo, y citada la prueba, se refirió a la Secretaria del Tribunal de Primera Instancia el expediente el cual contenía la denuncia. Ello con el fin de que sirviera de base para la celebración de juicio. A pesar de lo anterior, el Ministerio Público presentó una acusación ante el Tribunal de Primera Instancia por los mismos hechos. Durante el acto de lectura, el foro recurrido se encontró con la situación de tener ante sí dos pliegos acusatorios, una denuncia y una acusación. En *1197 ambas se imputaba el mismo delito menos grave. Ante tal situación, el foro recurrido, sin objeción del Ministerio Público, procedió al archivo de la denuncia. Durante un señalamiento posterior, el Ministerio Público ratificó la acusación como su alegación contra el imputado al enmendar la misma para que reflejara el valor de los bienes alegadamente apropiados. Vista la vía procesal escogida por el Estado, el caso continuó teniendo como base para la celebración de juicio, una acusación.
Por disposición expresa de la Regla 111 de Procedimiento Criminal, supra el acusado aquí peticionario, Jorge L. Agudo Olmeda, tiene derecho a que su juicio se ventile ante un jurado imparcial. Mientras la Asamblea Legislativa otra cosa disponga, estamos obligados a dar cumplimiento cabal a la Regla 111 de Procedimiento Criminal, supra.
Por todo lo antes expuesto, visto que el foro de instancia cometió error al denegar la solicitud de juicio por jurado del peticionario, dictaminamos que es procedente expedir el auto de certiorari solicitado para revocar el dictamen recurrido. Se ordena la continuación de los procedimientos en armonía con lo aquí dispuesto.
El Juez Rivera Martínez disiente mediante voto por separado.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2005 DTA 61
1. El referido artículo dispone en lo pertinente:

"Será sancionada con pena de reclusión por un término fijo de diez (10) años toda persona que cometiere el delito previsto en la see. 4271 de este título con la concurrencia de cualquiera de las siguientes circunstancias:

a)...

b) Apropiándose de bienes cuyo valor fuere de doscientos (200) dólares o más.

c)...

d)...".

2. Toda persona que ilegalmente se apropiare sin violencia ni intimidación de bienes muebles, pertenecientes a otra persona, será sancionada con pena de reclusión por un término que no excederá de seis meses, multa que no excederá de quinientos (500) dólares, pena de restitución, o cualquier combinación de ésas, a discreción del tribunal.
3. La expresión “Tribunal Superior” fue sustituido con “Tribunal de Primera Instancia” a tenor con la Ley Núm. 201 del 22 de agosto de 2003, conocida como “Ley de la Judicatura de 2003”, sees. 24 a 25r del título 4.